EDWARD STADIG *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.

Worcester. September 13, 1979. — November 5, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Employment Security,* Eligibility for benefits, Federal unemployment assistance. *Constitutional Law,* Equal protection of laws. *Administrative Law,* Hearing, Record.

An individual eligible for extended compensation benefits under G. L. c. 151A, § 30A, at the time he filed a claim with the Division of Employment Security for benefits under the Federal Special Unemployment Assistance Program, was not entitled thereto; Title II of the Emergency Jobs and Unemployment Act of 1974, Pub. L. No. 93-567, § 203(a)(1), makes it an express condition of eligibility for such Federal benefits that "the individual is not eligible for compensation under any State or Federal unemployment compensation law." [174-175]

The denial to an individual eligible for extended compensasation benefits under G. L. c. 151A, § 30A, of benefits under the Federal Special Unemployment Assistance Program involved no infringement of constitutional equal protection rights. [175-176]

Judicial review by this court under G. L. c. 151A, § 42, of a decision by the board of review of the Division of Employment Security revealed no defect, substantive or procedural, which vitiated the agency decision, notwithstanding a statement by a judge of the District Court of "serious procedural errors which tainted the·possibility of meaningful

appellate review," and the decision of the District Court was vacated and the administrative decision reinstated. [176-177]

CIVIL ACTION commenced in the Third District Court of Southern Worcester on November 10, 1976.

The case was heard by *Larkin, J.*

*William D. Luzier,* Assistant Attorney General, for the defendant.

*Joseph F. Lasorsa* for the plaintiff.

KAPLAN, J. A judge of the Third District Court of Southern Worcester, upon petition of the claimant Edward Stadig, reversed a decision of the board of review of the Division of Employment Security. From the judge's ruling the Director of the Division takes his appeal, on report, direct to this court, seeking reinstatement of the administrative decision. See G. L. c. 151A, § 42; Dist. Mun. Cts. R. Civ. P. 140 (1975). We hold for the Director.

Facts appear without material dispute as follows. The claimant was in private employment (including part-time employment) from October 1, 1973, to August 16, 1974, when he was laid off. He filed his claim for unemployment benefits on August 20, 1974, and was awarded regular compensation pursuant to G. L. c. 151A, § 24, at the weekly rate of $38. Compensation ceased on November 30, 1974, when he was reemployed by the private employer. That employment ended in December, 1974, and benefits were resumed from January 21, 1975, to February 22, 1975, when the claimant secured work at the Department of Public Welfare through the federally financed "CETA" program of work-relief or work-training. On April 9, 1976, his employment was terminated.

Thereupon, on April 14, 1976, the claimant filed for benefits under the Federal Special Unemployment Assistance Program (SUAP), established under Title II of the Emergency Jobs and Unemployment Assistance Act of 1974, Pub. L. No. 93-567, 88 Stat. 1850 (1974), 26 U.S.C. § 3304 (note)

(1976).[1]  The Director denied that claim evidently on the ground (although somewhat garbling his citations) that the claimant, being eligible for extended compensation benefits under G. L. c. 151A, § 30A, was thereby rendered ineligible for SUAP benefits by the terms of the Federal statute, Pub. L. No. 93-567, § 203(a)(1).  Compensation to the claimant was resumed at the same weekly rate of $38 and continued until he obtained private employment in November, 1976.

The Director's decision denying SUAP benefits was affirmed on review, on the ground mentioned, by a hearing examiner of the board of review, who was in turn upheld by the board.  Reversing this final administrative decision, the judge of the District Court wrote, without elaboration, that it raised "problems of strained statutory construction" and also "putative Equal Protection issues"; on that footing of doubt, he proceeded to order that the claimant recover compensation on a SUAP basis for the period commencing in April, 1976.  This would be at a higher rate because predicated not on earnings in the year commencing October, 1973, but on the better salary earned at the Department of Public Welfare.  Compare G. L. c. 151A, § 30A (4), with Pub. L. No. 93-567, § 205(a).

In his brief and oral argument in this court, the claimant makes no effort to demonstrate by reference to the statutory provisions his eligibility for SUAP benefits.  See S.J.C. Rule 1:13, as amended, 366 Mass. 853 (1974).[2]  This would have entailed a showing, which he does not attempt, that he was ineligible for the unemployment benefits he in fact received during the period in question.  For § 201 of the Federal enactment, the statement of purpose, characterized SUAP as "a temporary Federal program of special unemployment assistance for workers who are unemployed during a period

---

[1] This program expired on June 30, 1978.  See Pub. L. No. 94-566, § 601(a), 90 Stat. 2689 (1976).

[2] See also *Sohler* v. *Director of the Div. of Employment Security,* 377 Mass. 785, 788 n.1 (1979): "The burden of proof as to all aspects of eligibility for unemployment benefits . . . rests with the worker [citations omitted]."

of aggravated unemployment and who are not otherwise eligible for unemployment allowances under any other law," and § 203(a)(1) made it an express condition of eligibility for the SUAP benefits that "the individual is not eligible for compensation under any State or Federal unemployment compensation law." See *O'Connor* v. *Director of the Div. of Employment Security*, 377 Mass. 632, 634-635 (1979); H.R. Rep. No. 1528, 93d Cong., 2d Sess. (1974), reprinted in [1974] U.S. Code Cong. & Ad. News 6756.[3]

We see no constitutional trouble with the administrative decision following the precept of the Federal law. It may be assumed that if there had been no relevant antecedent private employment, the claimant would have been eligible for SUAP assistance at the conclusion of his employment with the Department of Public Welfare (see the reference to G. L. c. 151A, § 6 [*u*], in note 3, *supra*). But there was more than a merely adventitious or artificial distinction between the class of unemployed persons eligible for assistance apart from SUAP and the class not thus eligible; therefore equal protection was not offended. See *New Orleans* v. *Dukes*, 427 U.S. 297, 303-304 (1976); *Richardson* v. *Belcher*, 404 U.S. 78, 81 (1971). No constitutional difficulty has been adverted to in the general acceptance of the rule drawn

---

[3] The present record does not set out detailed calculations applicable to the claimant's case. The general framework, however, appears as follows. Upon exhaustion of his regular unemployment assistance under his original claim, the claimant could not file a fresh claim based on the employment by the Department of Public Welfare. See G. L. c. 151A, § 6 (*u*) (service as part of unemployment work-relief or work-training program receiving Federal financing, excluded from "employment" for c. 151A purposes). However, he would then become eligible for extended benefits under the original claim. G. L. c. 151A, § 30A(1)(*k*); and see Federal-State Extended Unemployment Compensation Act of 1970, Pub. L. No. 91-373, Title II § 202(a)(1), 84 Stat. 708 (1970), 26 U.S.C. § 3304 (note) (1976), and S. Rep. No. 91-752, 91st Cong., 2d Sess. (1970), reprinted in [1970] U.S. Code Cong. & Ad. News 3606, 3635. Thereafter supplemental benefits up to twenty-six weeks were available under the Emergency Unemployment Compensation Act of 1974, Pub. L. No. 93-572, § 102(e) (2)(B), 88 Stat. 1869-1870 (1974), as amended by Pub. L. No. 94-45, 89 Stat. 236 (1975).

from the statute that "a claimant may be disqualified from receiving SUAP benefits if he or she is eligible to receive any amount, no matter how modest, of State unemployment compensation." *O'Connor, supra* at 636.[4]  See also *Latimer* v. *Unemployment Compensation Bd. of Review,* 27 Pa. Commw. Ct. 348, 351 (1976); *In re Ross,* 54 App. Div. 2d 1062 (N.Y. 1976).  In another sense, if there was reason, not mere idiosyncrasy or invidiousness, in the general basis on which SUAP benefits were granted or withheld by Congress, equal protection was not infringed when application of the formula to an individual case produced a result that might strike a fastidious mind as not perfectly equitable. See *Keough* v. *Director of the Div. of Employment Security,* 370 Mass. 1, 5 (1976); *Dandridge* v. *Williams,* 397 U.S. 471, 485 (1970).

The judge of the District Court stated his belief that there were "serious procedural errors which tainted the possibility of meaningful appellate review."  If tenable, this view might have been expected to lead to a conclusion of remand to the agency rather than reversal.  But we do not think it tenable.  There were, indeed, many "inaudibles" in the transcription of the electronic recording of a hearing before the hearing examiner.  The problem was duly noticed when the case reached the District Court, and the judge ordered the case remitted to the agency where a hearing was again held, with the same result up the administrative line, and it was on this less fractured record that the case went forward to the court.  The same hearing examiner conducted both hearings, but that was not objectionable in the absence of any claim of bias or the like.  Counsel appeared for the claimant throughout.

---

[4] In *O'Connor,* the claimant's discharge from employment not covered by our employment security law would itself have qualified her for SUAP benefits, but a question was raised because she continued to have part-time employment of a type within the law.  We held, however, that as no benefits were actually payable at the time, see G. L. c. 151A, § 29 (*a*) (claimant must be in "total unemployment"), she should be regarded as ineligible for State employment compensation, and thus entitled to SUAP benefits (adjusted to take account of the part-time earnings).

To conclude, judicial review, governed and limited by the State Administrative Procedure Act (see G. L. c. 151A, § 42, referring to G. L. c. 30A, § 14 [7]), reveals no such defect, substantive or procedural, as would vitiate the agency decision.

The decision of the District Court will be vacated and the administrative decision reinstated.

*So ordered.*