WILLIAM M. SMITH *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Suffolk.   October 8, 1981. — December 17, 1981.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Employment Security,* Findings by board of review, Eligibility for
benefits, Misconduct by employee.

A review examiner of the Division of Employment Security was war-
ranted in concluding that an employer had not acted arbitrarily and
capriciously in discharging an employee for drinking alcoholic bever-
ages during working hours in violation of a company rule. [759-761]

CIVIL ACTION commenced in the Roxbury Division of the
District Court Department on July 31, 1979.

The case was heard by *Banks,* J.

The case was submitted on briefs.

*Harvey S. Shapiro* for the plaintiff.

*Francis X. Bellotti,* Attorney General, *George J. Mahan-
na, & Paul J. Molloy,* Assistant Attorneys General, for Divi-
sion of Employment Security.

LYNCH, J.   In December, 1976, a review examiner of the
Division of Employment Security issued a decision denying
the appellant's request for unemployment benefits.   The re-
view examiner found that the appellant had been dis-
charged for drinking alcoholic beverages during company
time in violation of a work rule, and that the discharge was
"attributable solely to deliberate misconduct in wilful disre-
gard of the employing unit's interest within the meaning of
[G. L. c. 151A,] Section 25 (e) (2)."   A judge of the Munici-
pal Court of the City of Boston affirmed that decision.   On
appeal, we reversed and remanded the proceeding to the

---

[1] Sears, Roebuck and Co., Inc.

Division of Employment Security for a finding whether the Smith discharge was, as he alleged, arbitrary and capricious in that other similarly situated employees had been given warnings rather than being discharged. *Smith* v. *Director of the Div. of Employment Security*, 376 Mass. 563 (1978).

On remand, before the review examiner, the parties offered further argument but made no request that the review examiner take additional evidence. Based upon the evidence admitted at the hearing held on November 29, 1976, the review examiner (after making subsidiary findings which will be discussed below) found that Smith was discharged for violating "a company rule of which [he] was aware; that the evidence does not establish that this was not a strictly enforced rule or that the employing unit acted in an arbitrary or capricious manner of discharging [Smith]; [and] that the rule was reasonably applied"; the board of review agreed with the review examiner's findings and denied unemployment benefits to Smith. A judge of the Municipal Court of the Roxbury District affirmed the decision of the board of review. Smith has again appealed to this court. We uphold the judgment of the Municipal Court.

As we noted when we remanded this case to the Division of Employment Security, an employee's discharge for violation of a work rule does not necessarily bar that employee from eligibility for unemployment benefits. The statute requires the director to deny benefits where the claimant's discharge is "shown . . . to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest." G. L. c. 151A, § 25 (*e*) (2). The purpose of this subsection "is to deny benefits to a claimant who has brought about his own unemployment through intentional disregard of standards of behavior which his employer has a right to expect." *Garfield* v. *Director of the Div. of Employment Security*, 377 Mass. 94, 97 (1979). Accord, *Johnson* v. *Director of the Div. of Employment Security*, 377 Mass. 229, 230 (1979).

The critical issue in determining whether an employee's acts which resulted in his discharge were performed wilfully or intentionally is the employee's state of mind at the time he performed those acts. *Garfield* v. *Director of the Div. of Employment Security, supra.* See *Goodridge* v. *Director of the Div. of Employment Security,* 375 Mass. 434, 437 (1978). The employee here has argued, in essence, that his violation of the work rule was not "in wilful disregard" of his employer's interest because the employer consistently failed to enforce the rule and hence had no real interest in its strict enforcement.

At the hearing on remand, Smith simply failed to persuade the hearing examiner that the employer had applied its work rule arbitrarily and capriciously. Smith presented, at the earlier hearing, evidence tending to show that he had been discharged immediately for violation of the rule against consuming alcoholic beverages on company time, while another employee had received a written warning. The "official warning notice," introduced in evidence by Smith at the earlier hearing, stated that the other employee had been "sent home due to being under the influence of alcoholic beverages." The union shop steward, Smith's witness, testified that in his twenty years in that position he "[couldn't] say that [he knew] of any incident where an employee was dismissed immediately" for violating the rule. Both the shop steward and another employee, also Smith's witness, testified to the effect that the employer appeared to have a policy of leniency toward employees who are alcoholics.

However, as the review examiner found on remand, "there was no evidence offered which would establish that any other employee had been found drinking alcoholic beverages during working hours but was not discharged." He also found that although the appellant "contends that in the past, employees with alcoholic problems were treated differently by the company in that they were not discharged[,] . . . the record indicates that these were employees who the employing unit was aware had problems with alcohol; but

there is no evidence to establish that the [appellant] had such a problem." The record bears out these findings.

Further, although the language used was not the most precise, these findings express the hearing examiner's evident belief that any testimony tending to show that the appellant was treated differently from other employees who used or were under the influence of alcohol during working hours was not believed. In view of our statement, in our prior opinion on this case, that there was substantial evidence to support a decision for either the employee or the employer, the review examiner could have intended nothing else by the findings that he made.

The appellant bears the burden of persuasion on issues affecting his eligibility for unemployment benefits. *Stadig* v. *Director of the Div. of Employment Security*, 379 Mass. 172, 174 n.2 (1979). *Sohler* v. *Director of the Div. of Employment Security*, 377 Mass. 785, 788 n.1 (1979). See *Conley* v. *Director of the Div. of Employment Security*, 340 Mass. 315, 319 (1960). On the record before us, the appellant has not met his burden. He has failed to prove that he was treated differently by his employer from other similarly situated employees. The decision of the review examiner was supported by substantial evidence.

*Judgment affirmed.*