RICHARD K. O'BRIEN vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Middlesex.  September 14, 1984. — December 11, 1984.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Notice. Employment Security*, Eligibility for benefits, Availability for work.
*Words*, "Remuneration."

A notice of hearing before a review examiner in the Division of Employment
Security pursuant to G. L. c. 151A, § 39 (*b*), stating that the issue to
be determined was whether the claimant was available for work and had
made an adequate search for work, sufficiently apprised the claimant
that his self-employment would be an issue at the hearing. [484-485]
A finding of a hearing examiner in the Division of Employment Security
that the claimant was not in "total unemployment," as defined in G. L.
c. 151A, § 1 (*r*) (2), because the claimant spent "the major portion of
his time in self employment," was supported by substantial evidence,
justifying a decision by the division that the claimant was disqualified
from receiving unemployment compensation benefits. [485-489]
A claimant seeking unemployment compensation benefits who had elected
to apply compensation earned as the result of services he performed to
reduce a preexisting debt, rather than to take the compensation due him
as cash commissions, received "remuneration" within the meaning of
G. L. c. 151A, § 1 (*r*) (2). [486-489]

CIVIL ACTION commenced in the Natick Division of the
District Court Department on February 25, 1983.

The case was heard by *Joseph D. Clancy*, J.

*Michael J. Barry* for the employee.

*John F. Harvey*, Assistant Attorney General, for Director
of the Division of Employment Security.

LYNCH, J. The plaintiff appeals from a judgment of a District
Court judge that affirmed a decision of the Division of Employ-

[1] The second named defendant is the plaintiff's former employer, Data
Associates, Inc.

ment Security (division) denying the plaintiff unemployment compensation benefits. The plaintiff appeals directly to this court pursuant to G. L. c. 151A, § 42. The plaintiff argues that the division's decision was improper because the plaintiff was denied sufficient notice of the scope of inquiry at the hearing and because the decision was not supported by substantial evidence. We affirm the judgment of the District Court.

The plaintiff was hired as a salesman on December 14, 1981, by Data Associates, Inc. (Data), a distributor of business forms. His salary was paid solely on a commission basis. During the period of his employment, the plaintiff consistently failed to meet the monthly sales quota set by Data, principally because of the plaintiff's outside ventures and the state of the economy. Despite the contention of the plaintiff that he was terminated in October, 1982, the review examiner found that in August, 1982, Data terminated the plaintiff's employment for failure to meet the sales quota.[2] Following his termination by Data, the plaintiff continued to contact his personal business accounts on behalf of Diversified Business Systems (Diversified). The plaintiff's only compensation for this solicitation was that a $5,700 debt owed to Diversified was reduced by the amount that the plaintiff normally would have earned as commission.

The plaintiff filed a claim for unemployment compensation benefits on October 7, 1982, and on November 5 the division approved the plaintiff's application. Pursuant to G. L. c. 151A, § 39 (b), Data requested a hearing on this determination. Notice of the hearing was sent to the parties, stating that the issue to be determined was whether the plaintiff was available for work and had made an adequate search for work. At the hearing Data was represented by its president and the plaintiff represented himself.

The review examiner (examiner) determined that the plaintiff was ineligible for unemployment insurance benefits. He found

---

[2] The examiner found that Data had condoned this activity for several months and therefore found no evidence that the plaintiff's discharge was "attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest." G. L. c. 151A, § 25 (e) (2).

that the plaintiff's "search for work is of such a minimal amount that he is devoting the major portion of his time in self employment." Therefore the plaintiff was not in "total unemployment," as that term is defined in G. L. c. 151A, § 1 (r), and hence was not entitled to benefits under G. L. c. 151A, § 29 (a). The plaintiff's application for review by the board of review, pursuant to G. L. c. 151A, §§ 40 and 41, was denied.

On appeal to the District Court, the plaintiff argued that the notice of hearing failed to inform him adequately that the issue of his self-employment would be considered, and that the examiner's decision was not supported by substantial evidence. The District Court judge rejected these arguments and the plaintiff reasserts them here on further appeal.

1. *Notice.* The notice of hearing received by the plaintiff advised him that the issue to be heard would be whether "the claimant was capable of and available for work and has made an adequate search for work. (Section 24 [b] MGL Chapter 151A)."[3] The plaintiff claims that this language failed to provide him with sufficient prior notice that the question of his self-employment would be considered at the hearing; as a result he was unprepared to present evidence or rebut allegations on this issue.[4] Thus, the plaintiff argues that the decision was made

---

[3] General Laws c. 151A, § 24, as amended through St. 1977, c. 720, § 26, states: "An individual, in order to be eligible for benefits under this chapter, shall . . . (b) Be capable of and available for work and unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted."

The notice of hearing used by the division is a form that lists several commonly heard issues, along with boxes to check those issues applicable in a given case. The availability issue was the only one so marked on the form received by the plaintiff.

[4] In relevant part, 801 Code Mass. Regs. § 1.02 (10) (c) (1979) states: "The notice [of hearing] shall provide sufficient notice of the issues involved so that the Parties may have a reasonable opportunity to prepare and present evidence and argument.

"If the issues cannot be fully stated in advance of the hearing, they shall be fully stated as soon as practicable. In all cases of delayed statement, or where subsequent amendment of the issues is necessary, sufficient time shall be allowed . . . to afford all Parties reasonable opportunity to prepare and present evidence and argument respecting the issues."

"upon unlawful procedure," within the meaning of G. L. c. 30A, § 14 (7) (*d*). We conclude that the form notice sufficiently apprised the plaintiff that his self-employment would be an issue at the hearing.

Logically, a claimant cannot be "available for work" within the meaning of § 24 (*b*) if the claimant is already employed by another or is self-employed. Therefore, one aspect of the determination of the plaintiff's availability for work must, of necessity, be whether the plaintiff was otherwise employed in some fashion. We hold that the examiner properly inquired into this issue.[5]

We note further that at the hearing the plaintiff never objected to the consideration of his availability for work, never expressed surprise that the issue was being considered, and never requested a continuance or additional time to provide evidence.[6] In fact, the transcript establishes that the plaintiff was satisfied that he had presented all relevant evidence on this issue. The plaintiff cannot now be heard to complain that he was deprived of a fair hearing.

2. *Substantial evidence*. The examiner found that the plaintiff was not in "total unemployment," as defined in G. L. c. 151A, § 1 (*r*) (2), because the plaintiff spent "the major portion of his time in self employment." The plaintiff contends that this conclusion was not supported by substantial evidence, within the meaning of G. L. c. 30A, § 14 (7) (*e*). We disagree.

---

[5] The plaintiff contends that the examiner recognized at the hearing that the availability issue was not properly before him. The plaintiff then claims to be prejudiced by the examiner's consideration of this issue later in the hearing. Our review of the transcript does not support these assertions. However, even if we accept the plaintiff's interpretation of the transcript, we find no prejudice to the plaintiff, since we have already held that the plaintiff received adequate prior notice that his availability for work would be considered. It is therefore irrelevant whether or not the examiner, at some point in the hearing, became confused about the issues.

The examiner did consider another issue for which no advance notice was given to the plaintiff. However, this issue was resolved in favor of the plaintiff, and therefore no prejudice has resulted. See note 2, *supra*.

[6] On October 28, 1982, the plaintiff signed and submitted to the division a statement of facts addressing this issue. The notice of hearing was dated November 30, 1982. It is clear that the plaintiff was aware that the issue of his self-employment jeopardized his eligibility for benefits.

486 393 Mass. 482

O'Brien *v.* Director of the Division of Employment Security.

The Legislature has directed that in our review of decisions adopted by the division's board of review, we are to "give due weight to the [board's] experience, technical competence, and specialized knowledge . . . as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14 (7), as appearing in St. 1973, c. 1114, § 3. The decision that the plaintiff was not "available for work" is a question of fact entrusted to the informed judgment of the division. *President & Fellows of Harvard College* v. *Director of the Div. of Employment Sec.*, 376 Mass. 551, 555 (1978). When, as here, the examiner decides that the plaintiff has failed to sustain his burden of persuasion in proving eligibility (*Smith* v. *Director of the Div. of Employment Sec.*, 384 Mass. 758, 761 [1981]), we can set aside that finding only if it is unsupported by substantial evidence. *Abramowitz* v. *Director of the Div. of Employment Sec.*, 390 Mass. 168, 173 (1983). *Nantucket Cottage Hosp.* v. *Director of the Div. of Employment Sec.*, 388 Mass. 1006 (1983).

General Laws c. 151A, § 1 (*r*) (2), as appearing in St. 1951, c. 763, § 1, states that an individual is in total unemployment when "he performs no wage-earning services whatever, and for which he receives no remuneration, and in which, though capable of and available for work, his is unable to obtain any suitable work." The plaintiff's claim that there was no evidence as to the amount of time he spent in efforts to generate sales for Diversified is beside the point. From the plaintiff's own statements at the hearing[7] it is apparent that he was performing

---

[7] We quote from the hearing transcript:

EXAMINER: "What do you do for Diversified?"

PLAINTIFF: "As he has mentioned, on a couple of small accounts I've been able to get some business from these accounts because I had no other place to go."

. . . .

EXAMINER: "Now this Diversified Business Systems, you sold business then to two small accounts?"

PLAINTIFF: "Yeah, I've gotten a few small — a couple of small orders from Honeywell."

EXAMINER: "When did you get those orders?"

some services for which he received remuneration. Furthermore, from his statement that he called on only about two prospective employers per week, the examiner could have inferred that the plaintiff was spending the major portion of his time in self-employment.

The plaintiff maintains, however, that since the commissions he would have received from Diversified were applied wholly to reduce a preexisting debt, he received no "remuneration," within the meaning of § 1 (*r*) (2). "Remuneration" is defined by § 1 (*r*) (3), as amended through St. 1976, c. 473, § 3, as "any consideration, whether paid directly or indirectly, including salaries, commissions and bonuses, and reasonable cash value of board, rent, housing, lodging, payment in kind and all payments in any medium other than cash, received by an individual . . . (2) as net earnings from self-employment." The plaintiff asserts that since only his debt was reduced, he had no "net earnings," and therefore received no "remuneration." We cannot accept this interpretation of the statute.

Our task is to interpret the statute "according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in

| PLAINTIFF: | "Some time in October or November. I just got one this month." |
|---|---|
| EXAMINER: | "Do they call you is that what they do or do you contact them?" |
| PLAINTIFF: | "I contacted them to see what was going on, to see what was happening." |
| EXAMINER: | "How often do you contact them?" |
| PLAINTIFF: | "I contact them once a week, I always have all my life." |
| EXAMINER: | "Just Honeywell?" |
| PLAINTIFF: | "I've contacted other accounts too to see if I could help them in any manner which were my accounts previously, like Hood Milk and Cumberland Farms." |
| | . . . . |
| EXAMINER: | "Would you classify yourself like a manufacturer's rep.?" |
| PLAINTIFF: | "That's all I can be (inaudible) with that type of set of [*sic*]." |

488                                   393 Mass. 482

O'Brien *v.* Director of the Division of Employment Security.

connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Industrial Fin. Corp.* v. *State Tax Comm'n*, 367 Mass. 360, 364 (1975), quoting *Hanlon* v. *Rollins*, 286 Mass. 444, 447 (1934). See *Commonwealth* v. *Galvin*, 388 Mass. 326, 328 (1983). The Legislature, by its broad definition of "remuneration," obviously intended to include all forms of compensation for services rendered, whether in cash or in kind, from which a claimant might derive some benefit, except those specifically excluded by the statute.

In other contexts, we have defined "earnings" as "recompense for service or exertion," and "not necessarily synonymous with 'gains' or 'profits.'" *Arey* v. *George Assocs.*, 299 Mass. 130, 135 (1937). See *Phillips* v. *Eastern R.R.*, 138 Mass. 122, 128-129 (1884). We have also interpreted the words of this statute according to their ordinary meaning. *Worcester Telegram Publishing Co.* v. *Director of the Div. of Employment Sec.*, 347 Mass. 505, 513-514 (1964). "Net earnings" is commonly defined as "the excess of earnings over expenses." Webster's New Int'l Dictionary 1644 (2d ed. 1957). Here, the plaintiff produced no evidence of expenses. As we have often stated, the burden of proving eligibility is on the plaintiff. *Smith* v. *Director of the Div. of Employment Sec., supra. Stadig* v. *Director of the Div. of Employment Sec.*, 379 Mass. 172, 174 n.2 (1979). *Sohler* v. *Director of the Div. of Employment Sec.*, 377 Mass. 785, 788 n.1 (1979). Thus, once the question of self-employment was in issue, the plaintiff had the burden to prove expenses in an effort to show that he lacked net earnings. Having failed to carry this burden, the plaintiff's contention that he did not receive "remuneration" fails.

Rather than take the compensation due him as cash commissions, the plaintiff elected to apply it to a preexisting debt. In either case, the plaintiff's financial position would be enhanced directly as the result of services he performed.[8] We hold that

---

[8] The record does not disclose the amount of remuneration that the plaintiff received from Diversified. Since the plaintiff failed to present evidence on

this reduction of debt constitutes "remuneration" under the statute.[9] We also conclude that the decision by the examiner was supported by substantial evidence.

*Judgment affirmed.*

---

this issue, he likewise failed to carry his burden of establishing eligibility for partial unemployment benefits, as provided for in § 29 (*b*). See *Smith* v. *Director of the Div. of Employment Sec.*, 384 Mass. 758, 761 (1981). Therefore, there was no need for the examiner to consider the issue of partial unemployment.

[9] The defendant argues that net earnings need not be proved in order to establish self-employment when the claimant has performed "wage-earning services" pursuant to G. L. c. 151A, § 1 (*r*) (2), regardless of "remuneration." Since we hold that the plaintiff received "remuneration" in this case, we need not decide whether the plaintiff was performing wage-earning services.