THOMAS HOYE vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Plymouth. December 6, 1984. — April 3, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH & O'CONNOR, JJ.

*Employment Security*, Eligibility for benefits.

Where the evidence adduced at a hearing before a review examiner of the
Division of Employment Security warranted findings that the claimant
had been discharged because of his failure to provide timely notice of
the reason for his absence from work in accordance with his employer's
rules and regulations as well as for excessive absenteeism, that his failure
to provide such timely notice was without good cause, and that, with
respect to his most recent absence, he had previously been warned that
further absences could result in his dismissal, the examiner properly
concluded that the employee's discharge resulted solely from deliberate
misconduct in wilful disregard of his employer's interest. [413-416]

CIVIL ACTION commenced in the Brockton Division of the
District Court Department on March 11, 1983.
The case was heard by *George N. Covett*, J.
*James L. Frederick* for the employee.
*Arthur P. Murphy* for Cardinal Cushing General Hospital.
*Robin M. Ultcht*, Assistant Attorney General, for Director
of the Division of Employment Security, submitted a brief.
O'CONNOR, J. Thomas Hoye appeals from a District Court
judge's affirmance of a denial of unemployment compensation
benefits by the Division of Employment Security (division).
The division denied the benefits on the ground that Hoye's
discharge resulted from "deliberate misconduct in wilful disre-
gard of the employing unit's interest." G. L. c. 151A, § 25
(*e*) (2). We affirm the denial.

---

[1] Cardinal Cushing General Hospital.

After being discharged from his job at Cardinal Cushing General Hospital, Hoye filed a claim for unemployment compensation benefits. The division initially approved Hoye's claim, and the hospital appealed. The division held a hearing, and the review examiner found the following facts that we quote in part and paraphrase in part.

From February 3, 1980, through November 14, 1982, Hoye worked for the hospital as a security officer on the 11:30 P.M. to 7:30 A.M. shift. He received a number of warnings, both oral and written, regarding, among other things, "excessive absenteeism [and] failure to give proper notice of the reason for his absence in accordance with [a hospital rule for security officers]." The rule, quoted by the review examiner in his findings, provided: "Whenever a security officer is unable to report for duty because of illness, he shall, at least two hours prior to the time he is scheduled for duty, notify and security chief, the security sergeant or the security officer on duty." Hoye acknowledged having read the rule. In July, 1982, Hoye was warned that if he "continued to abuse the sick leave policy," he "would be subject to disciplinary action that may result in suspension or termination." "On Oct. 25, 1982, he was told to furnish a medical certificate after he had called in sick on two consecutive Sundays following a lengthy period of absence due to an industrial accident. He was told that he would be subject to disciplinary action if he failed to furnish a medical certificate. A doctor did declare [Hoye] medically fit for duty on Oct. 30, 1982, but he was again absent from work on Oct. 31, 1982, Nov. 5, 1982, Nov. 6, 1982, and Nov. 7, 1982." On November 8, 1982, a doctor declared Hoye fit for duty as of November 10, and Hoye worked on November 10 and 11. On November 12, however, at 2:45 P.M., Hoye "contacted the [hospital] by telephone and left a message with the switchboard operator that he would not be able to report to work for the next three days." The hospital's chief of security arranged for a replacement. Later that day, at 10:10 P.M., Hoye again called the hospital. On that occasion, Hoye told the security guard on duty that he would report for work the next day. However, the chief of security did not let Hoye work on November 13 or

14, and, effective November 14, Hoye was discharged. "The claimant [Hoye] asserts that he was not able to work on Nov. 12, 1982, because his legs were swollen. However, he did not provide any medical evidence to support that his absence on Nov. 12, 1982 was necessary."

Based on those findings, the review examiner concluded: "From the foregoing testimony and from the evidence, it is found that the claimant was discharged because of his failure to provide timely notice of the reason for his absence in accordance with the employing unit's rules and regulations applicable to security officers as well as for excessive absenteeism. With respect to his failure to provide timely notice regarding the reason for his absence, it is further found that such failure was without good cause. With respect to the claimant's most recent absence, it is further found that he had previously been warned that further absences could result in his dismissal. It is also found that in the absence of medical evidence, it cannot be established that the claimant's most recent absence was due to a compelling reason. Therefore, the claimant's discharge was due solely to deliberate misconduct in wilful disregard of the employing unit's interest within the meaning of [G. L. c. 151A, § 25 (*e*)(2)]." The review examiner reversed the determination allowing benefits.

Hoye appealed the review examiner's decision to the division's board of review (board), but the board denied Hoye's application for further review, thereby making the review examiner's findings the board's final decision. G. L. c. 151A, § 41 (*c*). Before this court, Hoye argues that substantial evidence does not support the review examiner's ultimate conclusion that Hoye's discharge resulted "solely from deliberate misconduct in wilful disregard of the employing unit's interest." Hoye also argues that the review examiner's subsidiary findings were insufficient to support his conclusion.

"The apparent purpose of § 25 (*e*) (2) . . . is to deny benefits to a claimant who has brought about his own unemployment through intentional disregard of standards of behavior which his employer has a right to expect." *Garfield* v. *Director of the Div. of Employment Sec.*, 377 Mass. 94, 97 (1979). "De-

liberate misconduct in wilful disregard of the employer's interest suggests intentional conduct or inaction which the employee knew was contrary to the employer's interest." *Goodridge* v. *Director of the Div. of Employment Sec.*, 375 Mass. 434, 436 (1978). Therefore, to disqualify a discharged employee under § 25 (*e*) (2), the division must focus with particularity on one critical issue — the employee's state of mind at the time of the misconduct. *Torres* v. *Director of the Div. of Employment Sec.*, 387 Mass. 776, 779 (1982). *Garfield, supra* at 97. The division must consider "the worker's knowledge of the employer's expectation, the reasonableness of that expectation and the presence of any mitigating factors." *Id.*

The review examiner's findings and conclusions demonstrate that Hoye "brought about his own unemployment through intentional disregard of standards of behavior which his employer ha[d] a right to expect." *Garfield, supra* at 97. Although the findings are less clear than they ought to be, we think that they fairly may be read to say that Hoye was discharged because, on November 12, 1982, he knowingly and inexcusably violated a hospital rule that required him to give to the security chief, security sergeant, or security officer on duty, timely notice of his inability to work due to illness, and because, on the same day, he unjustifiably failed to report to work despite numerous prior absences and warnings about the potential consequences of further unexcused absences. That finding is supported by substantial evidence, and, when read in conjunction with the review examiner's other findings, it supports the conclusion that Hoye's discharge "was due solely to deliberate misconduct in wilful disregard of the employing unit's interest."

There was evidence of the hospital rule quoted by the review examiner in his findings, evidence that Hoye read the rule shortly after he began working at the hospital, and evidence that when Hoye called in sick on occasions before November 12, 1982, he always spoke to one of the three individuals to whom the rule required him to speak. Furthermore, there was evidence that, when Hoye telephoned the hospital on November 12, 1982, at 2:45 P.M., he requested the security department,

but the switchboard operator informed him that the security chief and the security sergeant were not available, and that the security officer on duty was "on parking duty outside."

We turn, then, to the question whether the evidence allows the conclusion that Hoye's violation of the notice rule constituted deliberate misconduct in wilful disregard of the hospital's interest. Hoye argues that, because the evidence shows that the security chief received from the switchboard operator Hoye's message that he would not report to work on November 12, the review examiner had to find that Hoye made at least a good faith effort to comply with the hospital's rule. However, the rule required that Hoye speak to the security chief, the security sergeant, or the security officer on duty, and Hoye did not do that. The evidence does not show that Hoye telephoned the hospital again between 2:45 P.M. and 10:10 P.M. The burden of persuading the review examiner of his entitlement to benefits rested with Hoye. *Smith* v. *Director of the Div. of Employment Sec.*, 384 Mass. 758, 761 (1981). The review examiner was not required to find that, by making one telephone call approximately nine hours before his shift was to begin and another call too late to comply with the hospital's rule, Hoye made a good faith effort to comply with the rule. Furthermore, Hoye's subsequent failure to provide a properly substantiated medical excuse for his November 12 absence supports an inference that, on November 12, Hoye was less than enthusiastic about speaking to the designated individuals.

Substantial evidence also supports the review examiner's conclusion that Hoye's unjustified absence from work on November 12, 1982, following numerous other absences and warnings, was deliberate misconduct in wilful disregard of the hospital's interest. There was evidence that Hoye had been warned on at least two occasions of potential adverse consequences of further unexcused absences, and evidence that a doctor had declared Hoye fit for work on November 10, 1982. In light of that evidence, Hoye's failure to present any medical evidence to justify his November 12 absence, and the law imposing the burden of persuasion on Hoye, *Smith* v. *Director of the Div. of Employment Sec., supra,* the review examiner

permissibly concluded that Hoye's November 12 absence was not justified, and that that absence constituted deliberate misconduct in wilful disregard of the hospital's interest. Hoye's failure to comply with the notice rule on November 12 also supports those conclusions.

*Judgment affirmed.*