Coven, J.
This summary process action arose from an eviction following a foreclosure. The defendants have appealed from the denial of their motion for relief from judgment pursuant to Mass. R Civ. P., Rule 60(b).[2]
Thomas Carr and Michelle (Dourian) Carr (“Carrs”) purchased the property located at 28 Charles Street, Natick, Massachusetts, as husband and wife (tenants by the entirety), with a home loan from East West Mortgage (“East West”) in the amount of $150,000.00. On September 14, 2005, the Carrs executed a mortgage to secure the note. Under the mortgage, Mortgage Electronic Registration System, Inc. (“MERS”) was the mortgagee acting as a nominee for East West. Thereafter, two assignments took place.
On April 29,2008, East West assigned the mortgage loan to Regions Bank d/b/a Regions Mortgage, Inc. (“Regions Bank”). This assignment was recorded at the Middlesex County registry of deeds on May 5, 2008.
Twelve days prior to April 29, 2008, on April 17, 2008, Regions Bank assigned its interest in the property to Chase Home Finance, LLC (“Chase”). This assignment was also recorded at the Middlesex County registry of deeds on May 5, 2008.
The assignment to Chase from Regions Bank, and the later assignment from East-West to Regions Bank, contained the “effective date” of October 4,2007, a date that preceded the actual transfer of legal title from Regions Bank to Chase on April 29, 2008 by several months.
On October 28,2010, Chase held a foreclosure sale of the property. Chase was the highest bidder at the foreclosure sale. Throughout the foreclosure process, Chase acted as the holder of the mortgage loan.[3] Thereafter, Chase unconditionally sold *224 the property to Federal National Mortgage Association (“Fannie Mae”), who is the plaintiff in this eviction action.
Chase executed a foreclosure deed in which Chase transferred the properly to Fannie Mae for the amount of $188,425.30. Chase recorded the foreclosure deed and assignment of bid on December 8, 2010. Fannie Mae served the Carrs with a notice to quit on December 14, 2011, and filed this summary process action against the Carrs and their minor daughter on January 23,2012.
At the summary process hearing on February 16, 2012, Thomas Carr appeared pro se. Fannie Mae, represented by counsel, filed the following documents: mortgage, recorded assignments, foreclosure deed (with mortgagee’s affidavit and assignment of bid), complaint to foreclose the mortgage, certificate of entry, and certificate of appointment. The trial judge entered judgment for possession in favor of Fannie Mae, but stayed execution until April 1, 2012 and awarded nothing on Fannie Mae’s claim for use and occupancy. The trial judge ruled that the “chain of tide was in order after review by the court.”[4]
On March 30,2012, the Carrs, by then represented by counsel, filed a motion for relief from judgment pursuant to Rule 60 (b) (1) and (b) (6), and the parties agreed to have the motion heard on the same day. In their Rule 60(b) motion, the Carrs argued that there was a defect in the transfer of legal title based on the mortgage assignment from Regions Bank to Chase (dated April 17,2008) because Regions Bank did not own the title to the mortgage at the time it was assigned to Chase. This, they argued, invalidated the foreclosure sale and Fannie Mae’s superior right to possession because Chase could not have held the mortgage at the time of the foreclosure sale as required by the law. On March 30, 2012, after hearing, the trial judge denied the Carrs’ Rule 60(b) motion, stating: “The motion is denied for two reasons [1] first relief is not available to the moving party under this rule [2] the Plaintiff FNMA was [and] is holder of record in the recorded documents. No issue was raised as to the original note or other documents which back up the recorded chain of title.” The Carrs filed this appeal.
Relief from judgment in a District Court summary process case is governed by Uniform Summary Process Rule 11(a), which provides that for “cases that have been heard on the merits, relief under 60(b) shall not be available.” However, the Commentary to Rule 11(a) states that the rationale for the limitation under Rule 11(a) is due to the right of an aggrieved party to a new trial on appeal, a component of the former two-trial system. Thus, despite the language of Rule 11 (a), in cases that have been heard on the merits in District Court, relief under Mass. R. Civ. R, Rule 60(b), is now available to the parties because of the change from a two trial to a one trial system.[5] As a result of this change from the old two trial system to the present *225 one trial system, the Supreme Judicial Court concluded that “Rule 11(a) of the Uniform Summary Process Rules would not apply.” ROPT Ltd. Partnership v. Katin, 431 Mass. 601, 606 (2000). The Court stated:
Uniform Summary Process Rules and the Massachusetts Rules of Civil Procedure were written before the new statute and thus need to be read harmoniously with the new scheme. Spence v. Reeder, 382 Mass. 398, 421 422, (1981) (disregarding Rule 13 of the Uniform Summary Process Rule in light of statutes and procedural rules). See O’Brien v. Director of the Div. of Employment Sec., 393 Mass. 482, 487, 472 (1984) (interpret statute according to Legislature’s intent). In particular, the rules that apply to District Court proceedings were written with the expectation that parties had a right to de novo review in the Superior Court pursuant to G.L.c. 231, §97. However, St 1996, c. 358, §8, fourteenth par., now provides for appeal to the Appellate Division of the District Court Department for actions tried in the District Court. Logically, therefore, rule 11(a) cannot apply to District Court cases because they are no longer subject to de novo review.
Id. The trial judge thus erred in his decision that Rule 60(b) is not available to the appellants under Rule 11(a) of the Uniform Summary Process Rules.
“Rule 60 sets forth a comprehensive framework for obtaining relief from a final judgment or order, balancing the competing needs for finality and flexibility to be certain that justice is done in light of all the facts.” Sahin v. Sahin, 435 Mass. 396, 399-400 (2001). Rule 60(b) (6) is limited to instances when vacating a judgment is justified by some reason other than those stated in subsections (1) through (5). Chavoor v. Lewis, 383 Mass. 801, 803 (1981). Rule 60(b) (6) gives the court additional authority to grant relief from a judgment whenever justice requires it. Sahin, supra at 406.[6] In the present case, subsections (1) through (5) of Rule 60(b) are not applicable. Therefore, a motion under Rule 60(b) (6) is solely available.
A motion pursuant to Rule 60(b) (6) is addressed to the “discretion of the judge” and “will not be reversed on appeal save for abuse” of that discretion. Parrell v. Keenan, 289 Mass. 809, 815 (1983). A judge deciding a Rule 60(b)(6) motion may consider whether the party “has a meritorious claim or defense ... [and] whether extraordinary circumstances warrant relief.” Owens v. Mukendi, 448 Mass. 66, 72 (2006), quoting Parrell, supra.
In determining the request for relief under Rule 60(b)(6) in this case, the trial court was required to apply the clear standard articulated in United States Bank Nat'l Ass’n v. Ibanez, 458 Mass. 637 (2011) that the use of effective dates will not alter the fact that the transfer of mortgage assignment is only effective on the transfer. Regions Bank cannot cure a cloud on Chase’s legal title by the use of an earlier “effective date.” See id. at 653 654. The order in which the assignments were recorded does not determine when the transfer of legal title to the mortgage became effective.
*226 The assignment to Chase was invalid because Regions Bank did not own the mortgage at the time of that transfer. Chase did not hold the mortgage when it carried out the foreclosure sale of the Carrs’ home. Because the underlying foreclosure sale by Chase is void, Fannie Mae’s claim to superior right of possession based on that sale must fail.
As noted, Ibanez clearly establishes that the use of effective dates will not alter the fact that the transfer of mortgage assignment is only effective on the transfer. The trial judge erred in his belief that Regions Bank had cured the cloud on Chase’s legal title by the use of an earlier “effective date.” See id. Clearing a cloud on title by a later assignment of a mortgage runs contrary to G.L.c. 183, §21 and G.L.c. 244, §14. If the parties do not have their assignments at the time of the publication of the notices and sales of the mortgages, they lack the authority to foreclose. See G.L.c. 183, §21; G.L.c. 244, §14.
The trial judge also erroneously concluded that the order in which the assignments were recorded would determine when the transfer of legal tide to the mortgage became effective. An assignment of a mortgage is a transfer of legal title in Massachusetts only upon the transfer or execution date, not the recording date. At all times relevant in this action, recording was not a legal requirement,[7] but merely the “better practice.” Ibanez, supra at 651. A transfer of legal title in Massachusetts becomes effective only upon the transfer or execution date. Recording does not change the requirement that the party must hold title in order to execute a proper transfer.
As the trial judge erroneously determined that relief was not available to the defendants under Mass. R. Civ. E, Rule 60(b), in summary process actions, the denial of the Carrs’ Rule 60(b) motion is vacated, and the matter is returned to the trial court for a hearing on the motion to vacate judgment.
So ordered.

 The plaintiff did not file a brief on this appeal.

 In Massachusetts, only a current holder of the mortgage loan is able to exercise a statutory power of sale. See G.Lc. 183, §21 (or a mortgagee’s executors, administrators, successors, or assigns). A foreclosing mortgagee must have physical possession of the note or be acting as the authorized agent of the note holder to foreclose pursuant to the power of sale. Eaton v. Federal Nat'l Mtge. Ass’n, 462 Mass. 569, 584-586 (2012).

 A summary process judge has jurisdiction to review the chain of title after a mortgage foreclosure sale. Bank of N.Y. v. Bailey, 460 Mass. 327, 333 (2011). In Massachusetts, a foreclosure sale is entirely void unless the sale strictly adheres to the statutory requirements. United States Bank Nat'l Ass’n v. Ibanez, 458 Mass. 637, 646-647 (2011).

 Prior to 1996, aggrieved parties in summary process actions had the right to a new trial in the Superior Court. Since then, summary process actions in the District Court have been subject to one trial in the District Court Department.

 In the present case, defendants have provided no basis for relief under subsections (1) through (5) of Rule 60(b).

However, pursuant to St. 2012, c. 194 and effective November 1,2012, G.L.c. 244, §14 was rewritten. The amended statute now provides, in relevant part: “For purposes of his section and section 21 of chapter 183, in the event a mortgagee holds a mortgage pursuant to an assignment, no notice [of sale] under this section shall be valid unless (i) at the time such notice is mailed, an assignment, or a chain of assignments evidencing the assignment of the mortgage to the foreclosing mortgagee has been duly recorded in the registry of deeds for the county or district where the land lies and (ii) the recording information for all recorded assignments is referenced in the notice of sale required in this section.”