TRUSTEES OF DEERFIELD ACADEMY vs. DIRECTOR OF
THE DIVISION OF EMPLOYMENT SECURITY
& others.[1]

Franklin. October 9, 1980. — December 2, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Employment Security*, Eligibility for benefits, Judicial review, Findings
   by board of review.

In a proceeding to determine whether a claimant was entitled to receive
   unemployment benefits under G. L. c. 151A, a finding that the claim-
   ant was discharged as an unsatisfactory employee was supported by
   substantial evidence. [31-32]
There was no merit to an employer's contention that a review examiner
   of the Division of Employment Security erred in failing to consider
   evidence that a claimant's discharge was attributable solely to her
   deliberate misconduct in wilful disregard of the employing unit's in-
   terest within the meaning of G. L. c. 151A, § 25 (e)(2). [32-33]
Having found as a fact that a claimant's employment was terminated
   because she was an unsatisfactory employee, a review examiner of the
   Division of Employment Security was not required to make additional
   findings on collateral issues. [33]

CIVIL ACTION commenced in the Franklin Division of the
District Court Department on February 8, 1979.

The case was heard by *McGuane, J.*

*John R. Mason, Jr.,* for the employer.

*Linda S. Fidnick* for Ann J. Pfluger.

*Francine M. Vidockler,* Assistant Attorney General, for
the Director of the Division of Employment Security.

QUIRICO, J. Ann J. Pfluger (claimant) was discharged
from her employment as an archivist at the Deerfield Acad-

---

[1] The other defendants are (a) the Commonwealth of Massachusetts,
Division of Employment Security, Board of Review, and (b) Ann J.
Pfluger. It is not discernible from the record why the first of these two
additional defendants was made a party to this proceeding.

emy (employer) on September 12, 1978, after problems over her work performance had arisen between her and her supervisor, the head librarian. This is an appeal by the employer from the judgment of the District Court affirming an administrative decision by the board of review of the Division of Employment Security (board) granting the claimant unemployment benefits under G. L. c. 151A. We affirm the judgment of the District Court.

We summarize the administrative and judicial proceedings which bring this case before us. On September 22, 1978, the claimant filed for unemployment benefits with the Division of Employment Security (division). In response to the claim, the employer informed the division that the claimant "had stated she could do what she wanted, that she was not responsible to her super[visor] [b]ut to the Head Master. She failed to respond or accept conditions of employment which were set forth in writing. These conditions of employment were for work to begin in [September, 1978]. I do not know how long her behavior had been that way." The claimant countered by filing with the division a statement which in effect denied the statements of the employer.

The Director of the Division of Employment Security (director) treated the employer's statement as raising a question whether the claimant was disqualified under G. L. c. 151A, § 25 (e).[2] On October 4, 1978, he determined "that the claim is approved for the following reason: In as much as the claimant's separation did not involve deliberate misconduct in wilful disregard to the employing unit's interest, the claimant is not subject to disqualification." On

---

[2] General Laws c. 151A, § 25, as amended through St. 1977, c. 720, § 27, provides in pertinent part as follows: "No waiting period shall be allowed and no benefits shall be paid to an individual under this chapter . . . (e) For the period of unemployment next ensuing and until the individual has had at least four weeks of work and in each of said weeks has earned an amount equivalent to or in excess of his weekly benefit amount after he has left his work . . . (2) by discharge shown to the satisfaction of the director to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest . . . ."

October 7, 1978, the employer requested a hearing on the director's determination, stating in a letter accompanying the request that the decision in favor of the claimant "is incorrect and involves a misinterpretation of the law and a misunderstanding of the facts." The claimant elected to receive payment of benefits immediately, notwithstanding the employer's request for hearing, thus obligating herself to repay benefits received for any weeks for which she might ultimately be determined to have been disqualified.

The hearing requested by the employer was held before a review examiner of the division on December 8, 1978. The examiner heard sworn testimony given by the claimant, as well as unsworn statements from the employer's assistant treasurer and the head librarian. The examiner also received a number of documentary exhibits, including two letters written by the head librarian to the claimant, one of which stated the terms and conditions under which the claimant would be allowed to return to work for the school year commencing in September, 1978.

On December 14, 1978, the review examiner filed a written decision in which he reviewed the history of the claimant's employment at the Deerfield Academy library, covering the problems which developed between the claimant and the head librarian in the 1977-1978 school year, and the events immediately preceding the discharge of the claimant on September 12, 1978. The decision concluded as follows: "From the evidence and disputed testimony presented at this hearing, it is found that the claimant worked as an archivist library staff employee for more than seven years; that recently, the employer became dissatisfied with her work performance; that the claimant was to continue in employment for the new academic year in a probationary status under unreasonable performance standards.

"Prior to a scheduled meeting to discuss and agree upon the claimant's 1978-1979 school year conditions of employment, she was discharged.

"To disqualify an individual from receiving unemployment benefits following discharge, it must be established

that such discharge was attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest. Here, there is no evidence that the claimant deliberately failed to perform her work to the satisfaction of the employer or that she was guilty of an act of deliberate misconduct but that she was discharged as an unsatisfactory employee. Therefore, the claimant is not subject to disqualification under the provisions of Section 25 (e) (2) of the Law.

"The determination is affirmed. The claimant is entitled to benefits for the week ending September 23, 1978 and subsequent weeks if otherwise eligible."

On December 19, 1978, the employer appealed from the decision of the director to the board of review (board) as authorized by G. L. c. 151A, § 40, claiming that the decision was "contrary to the evidence, contrary to the facts and to law." After examining the record of the hearing before the review examiner and his findings of fact and decision, the board, acting under G. L. c. 151A, § 41, denied the appeal on January 9, 1979, with the result that "the decision of the director[is] deemed to be the decision of the [board] for the purpose of judicial review . . . ." G. L. c. 151A, § 41 (c), as appearing in St. 1976, c. 473, § 14.

The employer then seasonably filed a petition in the Franklin Division of the District Court Department (at Greenfield) for judicial review of the decision of the board pursuant to G. L. c. 151A, § 42. The petition was heard by a judge of that court on January 16, 1980,[3] and on the same

---

[3] An employer is permitted to file its petition for judicial review of the board's decision "within thirty days of the date of mailing of such decision." G. L. c. 151A, § 42, as amended through St. 1978, c. 478, § 79. Although the date on which this petition was filed does not appear in the record before us, no claim is made that it was not seasonably filed. The claimant's answer to that petition was mailed to the court on February 13, 1979, and that of the director is dated February 28, 1979. This case was not heard in the District Court until January 16, 1980, and the record contains no explanation for the delay. General Laws c. 151A, § 42, prescribes that cases of this type "shall be heard in a summary manner and shall be given precedence over all other civil cases." The prescribed sum-

day he filed a decision stating in part: "After hearing I find that there was sufficient evidence for the findings made by the Board of Review. The decision of the Board of Review is affirmed."

The case is now before us on a report made by the judge of the District Court in accordance with G. L. c. 151A, § 42, and based on the employer's appeal from that court's affirmance of the administrative decision awarding benefits to the claimant. The same section, § 42, provides that "[t]he findings and decisions of the board shall be reviewed [by the court] in accordance with the standards for review provided in paragraph (7) of section fourteen of chapter thirty."[4]

In its petition for judicial review, the employer described the prior administrative proceedings and decision and then stated the grounds on which it sought review. The basic grounds are that the decision (1) was arbitrary and capricious in that it was based on evidence not introduced at the hearing[5] and on erroneous interpretations of the law, (2)

mary and precedential treatment is doubly important where, as in the present case, the claimant has elected to receive payments notwithstanding the employer's appeal, and she has obligated herself in writing to repay any benefits received if there is a subsequent determination that she was not entitled to such payments. G. L. c. 151A, §§ 42B, and 69 (a).

[4] General Laws c. 30A, § 14 (7), as appearing in St. 1973, c. 1114, § 3, provides as follows: "The court may affirm the decision of the agency, or remand the matter for further proceedings before the agency; or the court may set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced because the agency decision is — (a) In violation of constitutional provisions; or (b) In excess of the statutory authority or jurisdiction of the agency; or (c) Based upon an error of law; or (d) Made upon unlawful procedure; or (e) Unsupported by substantial evidence; or (f) Unwarranted by facts found by the court on the record as submitted or as amplified under paragraph (6) of this section, in those instances where the court is constitutionally required to make independent findings of fact; or (g) Arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."

[5] We assume that the reference to "evidence that was not introduced at the hearing" was intended by the employer to mean information outside of the record, since something "not introduced at the hearing" and not covered by any stipulation could not be "evidence."

BERMAN and MOREN
23 CENTRAL AVENUE
LYNN, MASS. 01901
581-5500

Trustees of Deerfield Academy v. Director of the Division of Employment Security.

was unsupported by substantial evidence, (3) failed to consider certain evidence favorable to the employer, and (4) failed to find subsidiary facts pertaining to a particular phase of the case. We now consider these claims to the extent that they are argued in the employer's brief.

1. *Claim that decision is arbitrary and capricious.* The employer's conclusory claim that the administrative decision is arbitrary and capricious is not argued independently from the arguments on the subsidiary claims that the decision was based on evidence not introduced at the hearing and on erroneous interpretations of the law. Our discussion of the latter claims adequately disposes of the former, and we therefore do not treat it separately.

2. *Sufficiency of evidence.* The finding of the director in this case was that the claimant "was discharged as an unsatisfactory employee." The director argues in his brief that this finding is supported by substantial evidence.[6] We do not understand the employer to make any substantial argument to the contrary. Rather, the employer argues that there was evidence which would have supported a finding that the claimant was guilty of conduct which, by the operation of G. L. c. 151A, § 25 (*e*), rendered her ineligible to receive benefits by reason of her alleged "deliberate misconduct in wilful disregard of the employing unit's interest." It is sufficient for us to say that we believe that the evidence of the reason for the claimant's dismissal was sufficient to preclude any conclusion that the finding thereon by the review examiner was "[u]nsupported by substantial evidence" as those words are used in G. L. c. 30A, § 14 (7) (*e*). The evidence on that issue consisted principally of conflicting oral testimony. The responsibility for determining the credibility and weight of that testimony rests with the hearing officer and other administrative officers, and there

---

[6] Although the oral argument in support of the decision of the director was made in part by an assistant attorney general and in part by private counsel representing the claimant, the only brief filed for that side of the case was that of the Attorney General. See Mass. R. A. P. 19 (c), 365 Mass. 867 (1974).

is nothing in the record before us to warrant the substitution of our judgment for theirs on those ancillary questions. *Keough* v. *Director of the Div. of Employment Security*, 370 Mass. 1, 3 (1976), and cases cited.

As to the further claim of the employer that the administrative decisions are "arbitrary and capricious in that they are based on evidence that was not introduced at the hearing," there is nothing in the record to support this contention, nor is it argued in the employer's brief.

3. *Alleged failure to consider evidence favorable to the employer.* The employer contends that there was sufficient evidence before the review examiner to warrant a finding that the discharge of the claimant was "attributable solely to [her] deliberate misconduct in wilful disregard of the employing unit's interest" within the meaning of G. L. c. 151A, § 25 (*e*) (2). The review examiner did not make such a finding, and the employer argues that the failure so to find was due to an error by the examiner in ruling, as matter of law, that there was no evidence to that effect. The employer contends that such an erroneous ruling is implicit in the following language of the administrative decision: "Here, there is no evidence that the claimant deliberately failed to perform her work to the satisfaction of the employer or that she was guilty of any act of deliberate misconduct but that she was discharged as an unsatisfactory employee. Therefore, the claimant is not subject to disqualification under the provisions of Section 25 (*e*) (2) of the Law."

We do not agree that the quoted statement, read in the context of the administrative decision, demonstrates legal error or requires reversal or remanding of the decision. It is clear from a reading of the entire decision that the review examiner recognized that there was evidence that prior to the end of the school year in June, 1978, serious problems and disagreements had arisen between the claimant and her supervisor. However, it is equally clear that the administrative finding was that the ultimate dismissal of the claimant was not grounded on that situation, but rather on

the dispute as to the terms of the claimant's continued employment, a conflict which developed in September, 1978, when the claimant first reported for work after the summer vacation. Notwithstanding the earlier problems, the claimant had been invited to resume her work in September, 1978, and the language quoted from the administrative decision is properly read to refer to the September, 1978, difficulties and not to events prior to June, 1978. This reading supports the review examiner's general conclusion that "the claimant is not subject to disqualification" under G. L. c. 151A, § 25 (*e*) (2).

4. *Failure to find additional facts.* The employer contends that the review examiner failed to find certain additional facts relating to the claimant's dismissal from her employment, and asks that the case be remanded with instructions that such findings be made. We decline to do so. It is obvious that the review examiner did not make findings of fact on all of the details surrounding the termination of the claimant's employment. However, having found as a fact that the claimant was terminated because she was "an unsatisfactory employee," which finding is supported by substantial evidence, the review examiner was not required to make additional findings on the various collateral issues which the employer would like to litigate. We must not lose sight of the fact that we are dealing with a decision of an administrative official who is not necessarily a lawyer, and we should not encumber the administrative process with a myriad of legal niceties which, in view of the findings expressly made, could not change the result. Compare and distinguish *Reavey* v. *Director of the Div. of Employment Security*, 377 Mass. 913 (1979), *Garfield* v. *Director of the Div. of Employment Security*, 377 Mass. 94 (1979), and *Smith* v. *Director of the Div. of Employment Security*, 376 Mass. 563 (1978), in each of which this court reversed or remanded due to the lack of specific findings as to controverted factual issues, the determination of which was essential to the board's decision.

*Judgment affirmed.*