NANTUCKET COTTAGE HOSPITAL *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY. March 4, 1983. The director of the Division of Employment Security appeals from a judgment of a District Court reversing a decision of the board of review of the division pursuant to G.L. c. 151A, § 42. We reverse the judgment of the District Court and reinstate the decision of the board of review.

The claimant in this case was disqualified from receiving benefits by the director's representative pursuant to G.L. c. 151A, § 25 *(e)* (2). The claimant appealed from that determination and requested a hearing pursuant to G.L. c. 151A, § 39 *(b).* The review examiner reversed the determination of the director's representative thereby entitling the claimant to receive benefits if she were otherwise qualified. In his decision, which was subsequently adopted by the board of review, the review examiner concluded that the claimant's discharge "cannot be considered to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest within the meaning of [G.L. c. 151A, § 25 *(e)* (2)], but that she was discharged as a disruptive and unsatisfactory employee." This conclusion is entitled to deference and may not be set aside unless it is unsupported by substantial evidence. *Garfield* v. *Director of the Div. of Employment Sec.,* 377 Mass. 94, 96 (1979), and cases cited therein. See G.L. c. 151A, § 49; G.L. c. 30A, § 14 (7) *(e).* Nantucket Cottage Hospital argues and the District Court judge determined that the  decisions of the review examiner and the board of review were not supported by substantial evidence. We disagree.

The review examiner made extensive findings of fact. The claimant was employed as a cook by Nantucket Cottage Hospital from January 30, 1981, to September 29, 1981, when she was discharged. On July 8, 1981,

the claimant's supervisor had a discussion with her regarding her personal hygiene, her attitude, her inability to accept criticism, and her use of profane language. On August 13, 1981, the supervisor discussed with the claimant her job performance, comprehension of her job description, personal hygiene, and the selection of items from the freezer. On August 26, 1981, the claimant reacted to instructions from her supervisor in a loud and abusive manner, using obscenities, and then started to cry. On September 28, 1981, at 6:15 A.M., she was reprimanded for an apparent delay in preparing breakfast and lunch after the supervisor discovered her having coffee and a cigarette with another employee. About 9:15 A.M., the claimant notified her supervisor that she was going home because she was ill due to the reprimand. The claimant was ordered to return to work by 1 P.M. When she did not return, the director of food services and another employee went to the claimant's room, which was located on the premises, and ordered her to return to work. The claimant refused, indicating that she was still sick. The claimant was then informed that she was discharged and was ordered to turn in her keys and to vacate the premises within forty-eight hours.

At the hearing, the claimant stated that "she is unable to cope with criticism and becomes physically sick to her stomach, resulting in vomiting and diarrhea." The claimant also stated that she "did not believe that her job was in jeopardy after her discussions with regard to her alleged deficiencies."

This evidence clearly supports the determination of the review examiner and the board that the claimant was dismissed because she was a disruptive and unsatisfactory employee. We note that the testimony in this case consisted principally of conflicting oral testimony and that the responsibility for deciding the credibility and weight of that testimony rests properly with the review examiner and not with the District Court. *Trustees of Deerfield Academy* v. *Director of the Div. of Employment Sec.*, 382 Mass. 26, 31-32 (1980). The review examiner in this case fairly concluded, based on the testimony, that the employer discharged the claimant not solely because of "deliberate misconduct" but rather because of "cumulative deficiencies" in other areas of her work performance. He further found that the claimant's failure to return to work when requested was attributable only to "her [uncontrollable] emotional and physical illness" and was not "intentional or deliberate." Since these findings are supported by substantial evidence, we conclude that the District Court judge improperly reversed the decision of the board. See *id.*; *Garfield*, supra. Accordingly, the judgment of the District Court is reversed and the decision of the board of review is reinstated.

*So ordered.*

*Francis X. Bellotti,* Attorney General, *& George J. Mahanna,* Assistant Attorney General, for Director of the Division of Employment Security, submitted a brief.