ROY M. GLASSER *vs*. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.

Middlesex.  November 7, 1984. — December 19, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Employment Security*, Eligibility for benefits, Findings, Conviction of crim-
inal offense.

A claimant seeking unemployment compensation benefits failed to establish
that his separation from employment was the direct result not of his
conviction of a misdemeanor, but of an unlawfully excessive sentence
initially imposed on him, and that, therefore, he should not be barred
under G. L. c. 151A, § 25 (*e*) (3), from receiving benefits. [577-579]

CIVIL ACTION commenced in the Central Middlesex Division
of the District Court Department on August 1, 1983.

The case was heard by *Edward M. Viola, J.*

*Vida K. Berkowitz* for the employee.

*Paul J. Molloy*, Assistant Attorney General, for Director of
the Division of Employment Security.

LYNCH, J. The plaintiff appeals from a decision of a District
Court judge affirming a decision of the director of the Division
of Employment Security (division) denying the plaintiff un-
employment compensation benefits. The plaintiff appeals di-
rectly to this court pursuant to G. L. c. 151A, § 42, and argues
that the division's decision was based on error of law, because
the review examiner (examiner) wrongly determined that the
plaintiff left work due to his being convicted of a misdemeanor.
The plaintiff also contends that because his separation from
employment was due solely to an unlawfully excessive sentence
of imprisonment, his rights to due process of law and equal
protection of the laws guaranteed by the United States Constitu-
tion have been violated. We affirm the judgment of the District
Court.

The plaintiff was employed as an instructor by Airco, Inc. (Airco), at its Computer Learning Center in Somerville. In December, 1981, prior to the commencement of his employment with Airco, the defendant was convicted in a nonjury trial in a District Court of threatening to commit a crime, a misdemeanor. G. L. c. 275, § 2. The plaintiff was sentenced to the maximum penalty of six months' imprisonment, and he appealed to a jury session of the District Court. Pending the jury trial, the plaintiff was incarcerated for sixty-nine days. On January 25, 1983, a jury also found the plaintiff guilty, and he was again sentenced to six months' imprisonment. Under G. L. c. 127, § 129B, and G. L. c. 279, § 33A, the plaintiff should have been credited with the sixty-nine days that he had previously served. However, the judge initially gave the plaintiff credit for only thirteen days. Airco was notified on January 26 that the plaintiff would not be returning to work. On February 11, the judge correctly reduced the plaintiff's sentence to reflect all sixty-nine days that the plaintiff had been imprisoned before trial.

The plaintiff was released on April 21, 1983,[1] and he filed a claim for unemployment benefits with the division on April 22. On May 1, the division denied the plaintiff's application, giving as a reason that: "Your leaving of work was due to incarcerated [*sic*]. Such leaving is subject to disqualification under the above-cited section of the law [G. L. c. 151A, § 25 (*e*) (3)]."[2] Pursuant to G. L. c. 151A, § 39 (*b*), the plaintiff requested a hearing on this determination, which was held on

---

[1] The plaintiff was not imprisoned in excess of the lawfully imposed sentence.

[2] According to the division's Claims Adjudicators' Handbook, Part I, IX-16 (rev. ed. Sept. 1982), the plaintiff should have been advised that: "Your leaving of work was due to *conviction*" (emphasis added). This is because, as the division itself recognizes, "[a]n individual who took steps to notify his employer of his inability to continue in his work because of incarceration and who subsequently *is not convicted* of the offense charged, will *not* be subject to any disqualification under section 25 (e) (3) even though his employer has discharged him because of the incarceration which caused him to remain away from his work" (emphasis in original). In the present case, the plaintiff suffered no prejudice from the misstatement.

June 13, 1983. At the hearing, Airco did not appear and the plaintiff represented himself.

The examiner found that the plaintiff's loss of employment "was as a result of a conviction of a misdemeanor," and therefore that the plaintiff was not entitled to benefits because of G. L. c. 151A, § 25 (*e*) (3).[3] The plaintiff's application for review by the division's board of review, pursuant to G. L. c. 151A, §§ 40 and 41, was denied. This decision was affirmed by the District Court judge.

The plaintiff argues that his separation from employment was the direct result not of his conviction, but of an unlawfully excessive sentence imposed upon him. The plaintiff claims that he would have been reinstated in his prior position but for the excessive sentence. Thus, it is argued, G. L. c. 151A, § 25 (*e*) (3), should not apply, because his separation from employment was not due solely to his conviction.[4] We conclude that the plaintiff's argument both misconstrues the statutory language and is unsupported by the record before us.

The statute directs the division to deny unemployment compensation benefits whenever the claimant *"has left work . . .* because of conviction" (emphasis added). G. L. c. 151A, § 25 (*e*). In this case, the examiner's finding that "by [the plaintiff's] incarceration as a result of said conviction he left his work"

---

[3] General Laws c. 151A, § 25, as amended through St. 1982, c. 489, § 5, states that: "[N]o benefits shall be paid to an individual under this chapter . . . (*e*) For the period of unemployment next ensuing and until the individual has had at least four weeks of work and in each of said weeks has earned an amount equivalent to or in excess of his weekly benefit amount after he has left work . . . (3) because of conviction of a felony or misdemeanor."

[4] Although the statute refers only to separation from employment "because of conviction," the plaintiff argues that § 25 (*e*) (3) applies only when separation is due *solely* to a conviction, and is not affected by other matters. As support for this proposition, the plaintiff cites the division's Claims Adjudicators' Handbook, *supra* at IX-14, which, stated in full, interprets the statutory language to mean "*solely* as a direct result of a conviction and not because of any action by either the claimant or the employing unit which occurred *prior* to the conviction" (emphasis in original). We need not decide whether the plaintiff's view of this interpretation is correct, however, since the plaintiff has failed to establish that the excessiveness of his original sentence had *any* effect on his loss of work.

cannot be, and is not, disputed. Had the plaintiff not been convicted, he would have remained an employee of Airco.

The plaintiff goes on to argue, however, that he would have been rehired by Airco following his imprisonment if his sentence, as initially determined, had not been unlawfully excessive. This argument misconstrues the statutory language. Our task is to interpret the statute according to the intent of the Legislature, as evidenced by the language used, and considering the purposes and remedies intended to be advanced. *Commonwealth* v. *Galvin,* 388 Mass. 326, 328 (1983). *Industrial Fin. Corp.* v. *State Tax Comm'n,* 367 Mass. 360, 364 (1975). Here, the statute focuses on the reason that the plaintiff initially left his employment, not on the reason why the plaintiff, at a later date, was not reinstated to his previous position.[5]

The examiner also found that the plaintiff's loss of employment "was initiated solely by his conviction of a misdemeanor." Such a finding by the examiner will be set aside only if it is unsupported by substantial evidence. See *Abramowitz* v. *Director of the Div. of Employment Sec.,* 390 Mass. 168, 173 (1983); *Dohoney* v. *Director of the Div. of Employment Sec.,* 377 Mass. 333, 337 n.3 (1979). We conclude that the examiner's decision was supported by substantial evidence.[6]

Even if we accept the plaintiff's interpretation of the statute, his cause is not advanced. It is well-settled that the plaintiff bears the burden of proving his eligibility for unemployment compensation benefits. *Smith* v. *Director of the Div. of Employment Sec.,* 384 Mass. 758, 761 (1981). *Sohler* v. *Director of the Div. of Employment Sec.,* 377 Mass. 785, 788 n.1 (1979). In practice, this requirement means that the plaintiff must present whatever evidence is necessary to support his claim. See, e.g., *O'Brien* v. *Director of the Div. of Employment Sec.,* *ante* 482, 488 (1984) (claimant's failure to prove lack of net earnings); *Smith* v. *Director of the Div. of Employment Sec.,*

---

[5] This interpretation is consistent with the division's view. See Claims Adjudicators' Handbook, *supra* at IX-15–IX-16.

[6] The plaintiff urges this court to subject the examiner's findings to de novo review, arguing that the findings relate not to fact, but to law as applied to fact. We decline to so expand our clearly established scope of review.

*supra* (claimant's failure to prove discriminatory treatment); *Stadig* v. *Director of the Div. of Employment Sec.,* 379 Mass. 172, 174 (1979) (claimant's failure to identify statutory provision showing eligibility); *Sohler* v. *Director of the Div. of Employment Sec., supra* at 788 (claimant's failure to show good cause for leaving work). Under the plaintiff's theory, then, he had the burden to prove that the judge's failure, at sentencing, to give proper credit for the time the plaintiff had already been imprisoned at least contributed to the plaintiff's loss of employment. This the plaintiff has failed to do.

Because of the judge's sentencing error, it appeared at the time of sentencing that the plaintiff would not be released until July, 1983. The examiner found that: "The employer was unable to keep the position open that long for the claimant and replaced him permanently. The employer would have replaced him temporarily if his release date was earlier." The plaintiff contends that this finding was inconsistent with the finding that his loss of employment occurred solely because of his conviction. Thus, the plaintiff argues that the case should be remanded to the division for clarification.

We see no necessary inconsistency in these two findings. The plaintiff failed to introduce any evidence showing that a permanent replacement would not have been hired if Airco knew that the plaintiff would be released in April. The examiner's finding that the plaintiff would have been replaced temporarily if his release date was earlier, even if warranted, does not satisfy the plaintiff's burden of showing that the employer would not have provided a permanent replacement if it had known that the release date was April 21 instead of in July. Indeed, there was no evidence from which the examiner could have found the latter fact.[7] Moreover, the examiner had before

---

[7] The plaintiff introduced only a notarized letter from Airco to the division stating that: "Because it appeared that Mr. Glasser would not be returning before July, we were forced to employ a permanent replacement." The letter does not indicate that a late-April release would have resulted in a different decision by the employer. In fact, the plaintiff himself expected to be released on parole within three weeks if given proper credit for time previously served.

Furthermore, even if the letter had specifically stated that the plaintiff's actual release date would have allowed the employment of a temporary

him evidence that was inconsistent with the plaintiff's argument. In Airco's reply to the division's request for separation information, Airco replied: "Resigned personal reasons." Airco provided similar information in a later statement to the division.[8] The responsibility for deciding the weight to be accorded conflicting evidence properly rests with the examiner. *Dowd* v. *Director of the Div. of Employment Sec.*, 390 Mass. 767, 770 (1984). *Keough* v. *Director of the Div. of Employment Sec.*, 370 Mass. 1, 3 (1976). His decision will not be reversed unless it is unsupported by substantial evidence. *Nantucket Cottage Hosp.* v. *Director of the Div. of Employment Sec.*, 388 Mass. 1006, 1007 (1983). We hold that substantial evidence supported the decision in this case, and that it was unnecessary for the examiner to have made more detailed subsidiary findings of fact.[9] We therefore affirm the judgment of the District Court.[10]

*Judgment affirmed.*

replacement, the examiner need not have found it conclusive. The letter was written nearly four months after the plaintiff's separation from Airco, contradicted earlier statements by Airco to the division, and was admittedly written in collaboration with the plaintiff, who at the time faced the denial of his application for benefits. See *Alexander* v. *Employment Sec. Comm'n*, 4 Mich. App. 378, 384 (1966).

[8] This statement, given on May 4, 1983, gave the reason for separation as "In Prison," and also noted that the plaintiff had "resigned personal reasons." It went on to state that: "He wasn't full time employee. He came in to talk to me last week about working again. He came in after 3 to 4 days of work and said he had resigned for personal reasons and that's all I know about it. He's been in courses since last May but new semester was 3 to 4 days old and he said I don't want to discuss it." Airco claimed in its May 19 letter that these statements were given because of a policy not to discuss the plaintiff's legal problems. The examiner was not required to give credence to this later explanation. *Manias* v. *Director of the Div. of Employment Sec.*, 388 Mass. 201, 205 (1983).

[9] Our decision in *Svoboda* v. *Director of the Div. of Employment Sec.*, 386 Mass. 1004, 1005 (1982), does not require a different result. In *Svoboda*, we held that in the face of "substantial and largely uncontradicted evidence," the examiner should have made subsidiary findings supporting his decision to reject that evidence. In this case, however, the examiner had before him contradictory statements by the employer, as well as evidence showing that the employer's later "explanation" was written after consultation with the plaintiff. See note 7, *supra*.

[10] Because the plaintiff failed to show that his loss of work was due to an unlawfully excessive sentence, there is no ground for his constitutional claims.