MARY ANN ZIRELLI vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Suffolk. February 7, 1985. — March 11, 1985.

Present: WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Eligibility for benefits, Findings by review examiner.

A finding of a review examiner in the Division of Employment Security that
a claimant left work because of an alleged but unsubstantiated alteration
of her time sheet by another employee, and that her separation thus was
voluntary and without good cause attributable to the employer, was
supported by substantial evidence, justifying a decision by the division
that the claimant was disqualified from receiving unemployment compen-
sation benefits. [231-232]

In a proceeding to determine whether a claimant was entitled to receive un-
employment compensation benefits under G. L. c. 151A, substantial
evidence, including the claimant's own statements of her reasons for
leaving, her long failure to complain, and her lack of desire to pursue
the complaints she did make, supported the determination of the review
examiner of the Division of Employment Security that sexual harassment
was not the cause of her leaving work. [232]

CIVIL ACTION commenced in the West Roxbury Division of
the District Court Department on March 23, 1983.

The case was heard by *Charles J. Artesani, J.*

*Lynn A. Girton* for the employee.

*Willie Ivory Carpenter, Jr.,* Assistant Attorney General, for
Director of the Division of Employment Security.

LYNCH, J. The claimant appeals from a judgment of a District
Court affirming a decision of the board of review of the Division
of Employment Security (board), denying her unemployment
compensation benefits. She appeals directly to this court pur-
suant to G. L. c. 151A, § 42. The claimant argues that the
board's decision was unsupported by substantial evidence, be-

---

[1] Glover Memorial Hospital, the employer.

cause the review examiner wrongly determined that she left work because of an alleged alteration of her time sheet, and thus voluntarily without good cause attributable to the employer. She argues that she was forced to leave work due to sexual harassment of her by a coworker. We affirm the judgment of the District Court.

The claimant was employed as a housekeeper at Glover Memorial Hospital (hospital) in Needham, from September 18, 1980, to November 3, 1982. The claimant testified that on November 2 she signed in on a time sheet at 6:00 A.M., when she reported to work as scheduled, but that she later discovered that someone had altered the indicated time to 7:00 A.M. She complained to her supervisor, further alleging that the alteration had been made by a male coworker who she claimed had been sexually harassing her for the previous year. When her supervisor investigated and found no evidence of alteration, the claimant became upset and left work early. The following day, November 3, the claimant arrived at work late and informed her supervisor, the director of general services, and the personnel director that she "had had it" and was quitting. Efforts by her superiors to dissuade her were unsuccessful. Several days later, the claimant reconsidered and asked to be reinstated in her job, but was informed that the position had already been filled.

The examiner found that the claimant left her work voluntarily without good cause attributable to the employing unit, and that she was therefore ineligible for benefits. The claimant's application for review by the board, pursuant to G. L. c. 151A, §§ 40 and 41, was denied. The board's decision was affirmed without opinion by the District Court.

The claimant contends that there is no substantial evidence supporting the review examiner's determination that she left work alleging her time sheet had been altered. Instead, she claims that the time sheet incident was only the culmination of a long history of sexual harassment that she suffered from a male coworker. She argues that this harassment made her leaving urgent, compelling, and necessitous, so that it must be considered involuntary. In addition, she maintains that the

hospital's failure to respond appropriately to her complaints of harassment constitutes good cause for her leaving work which was attributable to the employer. We conclude that the board's decision was supported by substantial evidence.

The claimant starts from the premise that sexual harassment was proved in this case. It is on this premise that the claimant's case fails, because we decide that substantial evidence supports the review examiner's determination that the claimant left her work for a reason apart from any sexual harassment that might have occurred.[2] It is axiomatic that the review examiner's findings will not be disturbed by this court if they are supported by substantial evidence. *O'Brien* v. *Director of the Div. of Employment Sec.*, 393 Mass. 482, 486 (1984). *Abramowitz* v. *Director of the Div. of Employment Sec.*, 390 Mass. 168, 173 (1983). The following evidence supporting the review examiner's decision meets the substantial evidence test.

1. *Applicant's statements.* When applying for benefits with the division, the claimant stated that she left work because of the time card incident. She stated: "The last day that I worked I reported at 5:45 a.m. and signed in at 6:00 a.m. Later on I found that the time card had been changed to 7:00 a.m. When I complained, none believed me and I got upset and quit." While she also stated her allegations of sexual harassment, it is not apparent in her application statement how the harassment played a role in her decision to leave, except that she thought the allegedly harassing coworker was responsible for the alteration. The examiner was entitled to adopt the hospital's statements that no alteration was visible, and thus to infer that no alteration had occurred. The responsibility for choosing between conflicting evidence and for assessing credibility rests with the examiner. *Keough* v. *Director of the Div. of Employ-*

---

[2] Furthermore, as we read the board's decision, it is unclear whether the review examiner meant to find that sexual harassment occurred at all, notwithstanding the claimant's assertions that he did so find. Considering the paucity of specifics in the claimant's allegations, a finding that sexual harassment had not been proved would have been warranted on the evidence. No sufficiently specific statements or acts of the male coworker were described. Compare *Hussa* v. *Department of Employment Sec.*, 34 Wash. App. 857, 858 (1983).

*ment Sec.*, 370 Mass. 1, 3 (1976). Furthermore, the claimant offered no evidence that the coworker was responsible, even if an alteration was made. Nor was the examiner required to give credence to the claimant's later, amplified explanation for her leaving, which placed emphasis instead on sexual harassment. See *Glasser v. Director of the Div. of Employment Sec.*, 393 Mass. 574, 579 n.8 (1984).

2. *Significance of the alleged harassment.* There was also substantial evidence that the alleged sexual harassment was not the reason that the claimant left work. At the hearing, the claimant testified that, although the harassment allegedly began shortly after the coworker was hired in 1981, she did not complain about it until October, 1982.[3] In fact, when she did complain, she specifically requested that no action be taken against the coworker.

We are not insensitive to the fact that "employees are understandably reticent to complain or try to prove affronts of such a personal and debasing nature [as sexual harassment]." *Colduvell v. Unemployment Compensation Bd. of Review,* 48 Pa. Commw. 185, 187 (1979). Nevertheless, we have recently held that "the statute focuses on the reason that the plaintiff initially left [her] employment." *Glasser* v. *Director of the Div. of Employment Sec.*, 393 Mass. 574, 577 (1984). It does not direct inquiry into every point of friction that may have occurred in the claimant's employment history. The examiner was not required to believe the plaintiff's conclusory statements at the hearing that she left work because of sexual harassment. *Manias* v. *Director of the Div. of Employment Sec.*, 388 Mass. 201, 205 n.7 (1983). Rather, the examiner could base his conclusion on facts testified to by the claimant which undermined her general theory. Given the claimant's own initial explanation for leaving, her long failure to complain, and her lack of desire to pursue the complaints she did make, we decide that substantial evidence supported the examiner's conclusion that sexual harassment was not the cause of her leaving work. We therefore affirm the judgment of the District Court affirming the board's decision.

*So ordered.*

---

[3] There was no evidence that the alleged harassment intensified or became materially different over time.