Mulligan, J.
Plaintiffs, Scituate Ray Precast Concrete Corp. and Scituate Ray Pipe Corp., brought this action against Intoccia Construction Company, Inc. (“Intoccia”), pursuant to G.L.c. 254, §4 to foreclose on the liens issued by Utica Mutual Insurance Company (“Utica”). For the reasons set forth below, the plaintiffs’ request to enforce the lien bond is ALLOWED.
From June 2000 to September 2000, Scituate Ray Precast Concrete Corp. and Scituate Ray Pipe Corp., who manufacture and sell precast concrete products and pipe respectively, supplied concrete products to Michienzi Ray Corporation (“MRC”). MRC incorporated the products into improvements of real property owned by the defendant Intoccia at Deer Park Estates in Walpole Massachusetts (“Property”). MRC failed to pay the plaintiffs.
*641 On November 2, 2000, the plaintiffs recorded at the Norfolk County Registry of Deeds the Notices of Contract and Statements of Account against the Properly based on their written contracts in the form of signed delivery tickets and invoices. The same day, the plaintiffs notified the defendant of the recording of the Notices of Contract and Statements of Account.
On January 26, 2001, within 90 days of filing the Statements of Account, the plaintiffs filed their complaint to enforce the lien with this Court. On February 16, 2001, the plaintiffs were served with notice of the defendant’s recording a lien bond issued by Utica to dissolve the lien. The plaintiffs have not received any monies from the defendant or MRC for the materials supplied to the Property.
In order to succeed on their motion, the plaintiffs must demonstrate that they have complied with all the requirements of G.L.c. 254, §4 which entitle them to a lien on the property, including: (1) record Notice of Contract at the Registry within 90 days of last furnishing labor or materials, (2) serve a copy of the Notice of Contract upon the Owner, (3) record Statement of Account at the Registry, (4) file a civil action to enforce the lien within 90 days of filing Statement of Account, and (5) record attested copy of Complaint to enforce the lien at the Registry within 30 days of commencement of the civil action. The defendant argues that the plaintiffs have not perfected the mechanic’s lien because: (1) the delivery tickets and invoices do not constitute a “written contract,” and (2) there was no money due on the contract at the time of Notice of Contract.
The defendant argues that the plaintiffs have not complied with the provisions of G.L.c. 254, §4 because the delivery tickets and the invoices do not constitute a “written contract” as defined in G.L.c. 254, §2A and as required to form the Notice of Contract under G.L.c. 254, §4. See Gettens Electrical Supply Co. v. W.R.C. Properties, Inc., 21 Mass.App.Ct. 658, 660-61 (1986) (interpreting “written contract” to mean “an entire and continuing arrangement in writing between a supplier and subcontractor ... It does not mean to us merely a series of purchase orders and invoices issued from time to time . . .”). However the 1996 amendment to the mechanic’s lien statute broadened the field that Gettens restricted.
General Laws c. 254, §2A defines a “written contract” as “any written contract enforceable under the laws of the Commonwealth,” including any writing enforceable under the Statute of Frauds. The Statute of Frauds requires that a memorandum memorializing an oral agreement contain three elements to render the contract enforceable: (1) the writing must indicate the existence of the contract, (2) it must be signed by the party to be charged, and (3) it must indicate the quantity of goods involved. G.L.c. 106, §2-201. See Waltham Truck Equipment Corp. v. Massachusetts Equipment Co., 7 Mass.App.Ct. 580, 582 (1979) (three writings in evidence signed by a representative of Equipment, when read together, satisfied the Statute of Frauds). The writing or series of writing taken together, must contain the essential terms of a contract, such as price, quantity, and type of materials and services. Cf. Harris v. Moynihan Lumber of Beverly Inc., 1999 Mass.App.Div 113 (1999) (finding that a series of detailed documents, taken together, constituted a contract for purposes of the statute); Noreastco Door and Millwork v. Vahradahatu of Massachusetts, Inc., 1999 Mass.App.Div. 239 (1999) (fax cover sheet of “original proposal” and one page reply memo did not constitute a contract for the purposes of the statute because the essential terms such as price, quantity, and type of materials were not discernable).
Here, the series of delivery tickets and corresponding invoices satisfy the Statute of Frauds. The delivery tickets and invoices, which were unrebutted, constitute competent evidence of a contract. The delivery tickets were signed by Joe Beauregard, MRC’s superintendent, Norman Fryor, an equipment operator for MRC, and Richard Ray, a principal of MRC. These individuals routinely signed for material deliveries and MRC authorized them to do so. Finally, the delivery tickets and the invoices state the supplier, and the fype and quantify of material and goods delivered to the Project site; the invoices contain the price.
Therefore, I conclude that the series of delivery tickets and invoices satisfy the Statute of Frauds and accordingly satisfy the “written contract” requirement of G.L.c. 254, §2A. These documents are sufficient to serve as the foundation for the lien under G.L.c. 254, §4.
The defendant’s second argument, that plaintiffs have no lien because there was no amount due under the initial contract at the time of Notice of Contract, also fails. General Laws c. 254, §4 states: “[s]uch lien shall not exceed the amount due or to become due under the original contract as of the date notice of the filing of the subcontract is given by the subcontractor to the owner.” The Court interprets the statute “according to the intent of the Legislature, as evidenced by the language used, and considering the purposes and remedies intended to be advanced.” Glasser v. Director of the Div. of Employment Sec., 393 Mass. 574, 577 (1984). The meaning assigned “must be reasonable and supported by the purpose and history of the statute” Commonwealth v. Russ R., 433 Mass. 515, 520 (2001). If the court interpreted the statute as the defendant requests, then any subcontractor, who furnishes labor and materials to a project, could not recover if the general contractor breached. Alternatively, the statute reads that the maximum amount of the lien is determined by subtracting from the total contract price the amount paid under the contract by the time the owner receives the Notice of Contract. So construed, differences in the work specified by other *642 contractors is irrelevant to any calculation of the lien amount and the lien.
ORDER
For the foregoing reasons, it is hereby ORDERED that summary judgment enter for the plaintiffs. The parties should schedule a hearing to determine the total damages.