The town of Freetown (employer or town) appeals from a judgment of the District Court awarding the claimant unemployment benefits after concluding that the employer failed to show that the claimant engaged in deliberate misconduct in wilful disregard of the employer's interest. G. L. c. 151A, § 25(e )(2). For the reasons set forth below, we reverse.
Background. The claimant worked as a treasurer for the town. Her direct supervisor was the town administrator (administrator). The board of selectmen for the town (board of selectmen) supervised the administrator and also supervised the claimant.
On March 24, 2015, the claimant met with a town clerk to discuss the clerk's work performance. During the meeting, the clerk became upset, left the meeting, and went to the administrator's office. The claimant followed the clerk to the administrator's office. The administrative assistant to the administrator informed the clerk that the administrator was not present. The administrative assistant subsequently called a member of the board of selectmen (selectman) and informed the selectman that the clerk was crying in the administrator's office after a confrontation with the claimant. The selectman informed the administrative assistant that the claimant was to leave work and not return to work the following day. This information was relayed from the administrative assistant to the claimant at that time. The claimant then called the administrator, who told the claimant to go home, and further stated that he would speak with her the following day. The next day, the claimant returned to work at approximately 7:00 A.M. , an hour before her usual start time, and downloaded files containing town financial data onto a flash drive. The administrative assistant saw the claimant at work and informed the administrator, who instructed the claimant to leave work immediately.
One day later, on March 26, 2015, the administrator mailed a letter to the claimant confirming that she had been placed on paid administrative leave. The board of selectmen subsequently voted to discharge the claimant on June 22, 2015, for improperly downloading employee and taxpayer information onto a flash drive that was taken out of the workplace, and for appearing at work after having been told to leave and to not return.
The claimant filed a claim for unemployment benefits with the Department of Unemployment Assistance (DUA) on July 8, 2015. On July 18, 2015, DUA initially determined that the claimant was not entitled to unemployment benefits. The claimant appealed, and, after conducting a two-day evidentiary hearing on the matter, a DUA hearing officer determined that the claimant was not entitled to unemployment benefits. The hearing officer concluded that "the employer established by substantial and credible evidence that the claimant's discharge was due to deliberate misconduct in willful disregard of the employer's interests" because (1) she returned to work after she was instructed not to do so, and (2) she downloaded taxpayer information onto flash drives without prior authorization. DUA's board of review affirmed the hearing officer's decision solely on the basis that the claimant deliberately reported to work after having been directed not to do so by a selectman.
The claimant subsequently appealed the decision of the board of review to the District Court pursuant to G. L. c. 151A, § 42. The District Court judge reversed the decision of the board of review after concluding that there was no substantial, credible evidence indicating that the selectman instructed the claimant to not return to work, and that the selectman acting alone did not have the authority to order the claimant to not return to work; rather, the board of selectmen must make that decision as a collective body.
Discussion. "We review the decision of the board [of review] according to the standards set forth in G. L. c. 30A, § 14(7), giving 'due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.' " Athol Daily News v. Board of Review of Div. of Employment & Training, 439 Mass. 171, 174 (2003), quoting from G. L. c. 30A, § 14(7). "The agency's decision may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Coverall N. America, Inc. v. Commissioner of Div. of Unemployment Assistance, 447 Mass. 852, 857 (2006). See G. L. c. 30A, § 14(7).
In determining whether G. L. c. 151A, § 25(e )(2), precludes a claimant from receiving benefits, the board of review must find that the claimant engaged in "deliberate misconduct," and that such misconduct was in "wilful disregard" of the employer's interest. Jean v. Director of Div. of Employment Sec., 391 Mass. 206, 208 (1984). "[T]he 'critical factual issue' in considering whether an employee's alleged misconduct is in wilful disregard of his employer's interest is the employee's state of mind at the time of the misconduct." Id. at 209, quoting from Torres v. Director of Div. of Employment Sec., 387 Mass. 776, 779 (1982). In making a determination as to the employee's state of mind at the time of the misconduct, the board of review must consider "the worker's knowledge of the employer's expectation, the reasonableness of that expectation and the presence of any mitigating factors." Garfield v. Director of Div. of Employment Sec., 377 Mass. 94, 97 (1979).
The board of review properly found that substantial evidence was presented indicating that the claimant engaged in deliberate misconduct, as the claimant herself admitted when she acknowledged that she attended work following the March 24 incident after being told not to do so by a selectman. Furthermore, the board of review correctly found that the claimant's actions were in wilful disregard of the employer's interest. There was substantial evidence before the hearing officer that the claimant was aware of the employer's expectation that she not return to work after the March 24 incident with the clerk. As the claimant herself stated during the hearing, she was told, albeit indirectly, not to return to work the day after the incident by a selectman.[3] As the board of review further found, the expectation that the claimant not attend work the day after making the clerk cry during a meeting was reasonable because it gave the employer time to address the conflict while simultaneously reducing the likelihood that another incident would arise between the claimant and the clerk. Finally, the justifications that the claimant gave for attending work after being told not to do so were not credited by the hearing officer. See Trustees of Deerfield Academy v. Director of Div. of Employment Sec., 382 Mass. 26, 31 (1980) ("The responsibility for determining the credibility and weight of ... testimony rests with the hearing officer"). The board of review thus correctly found that there were no mitigating factors presented indicating that the claimant did not wilfully disregard the directive of the selectman. In sum, the board of review properly determined that the claimant was not entitled to unemployment benefits pursuant to G. L. c. 151A, § 25(e )(2).[4] ,[5]
Judgment reversed.

Much of the pertinent evidence before the hearing officer was based on the firsthand knowledge of the claimant and the other testifying witnesses. The hearsay testimony offered-the statement of the selectman relayed through the administrative assistant-was not contradicted by any other evidence during the hearing. Contrast Goodridge v. Director of Div. of Employment Sec., 375 Mass. 434, 437 (1978).

The claimant's argument that a single member of the board of selectmen did not have the authority to order the claimant not to return to work was not adequately raised during the administrative proceedings and thus should not have been considered by the judge. See Green v. Brookline, 53 Mass. App. Ct. 120, 128 (2001).

The claimant also argues that she was erroneously denied the right to cross-examine the administrator as to the terms of the claimant's employment contract and the political facets of the board of selectmen. We see no error in the board of review's decision that the claimant has failed to show how this prejudiced her, as those issues were not relevant to the conduct that led to the claimant's termination and the ultimate issue whether the claimant's conduct constituted deliberate misconduct in wilful disregard of the employer's interest. See Matter of Foley, 439 Mass. 324, 336 n. 13 (2003).