## HEATHER SORGMAN *vs.* MARC SORGMAN.

No. 98-P-1338.

Norfolk. January 18, 2000. - June 15, 2000.

Present: PERRETTA, KASS, & LENK, JJ.

*Abuse Prevention. Protective Order. Statute,* Construction.

A stepfather, who had formerly resided with his former spouse and her daughter, was a "family . . . member" "related by . . . marriage" within the meaning of G. L. c. 209A, and, as a result, the former stepdaughter properly could apply for and receive a restraining order against him. [417-418]

CIVIL ACTION commenced in the Quincy Division of the District Court Department on October 21, 1997.

A motion to vacate a G. L. c. 209A order was heard by *Gregory R. Baler,* J.

*Susan M. Finegan* for Heather Sorgman.

*Pamela Harris-Daley,* for Marc Sorgman, submitted a brief.

LENK, J. The defendant Marc Sorgman was unsuccessful in his effort to vacate an order entered against him under G. L. c. 209A, claiming then and on appeal that he and the plaintiff Heather Sorgman did not have the relationship necessary under the statute to subject him to its mandates.

The pertinent facts emerged at an evidentiary hearing on the defendant's motion. The plaintiff was a toddler in 1967 when her mother married the defendant; they were divorced about ten years later in 1977. During the ten-year marriage, the plaintiff lived with her mother and the defendant in the same household. The plaintiff is not the defendant's biological or adopted child, but he permitted her to take his last name to facilitate her receipt of health benefits, and she continues to refer to him as her father. Following the divorce, the plaintiff and defendant remained in some manner of contact with each other over the years, albeit not always happily. Over some period of time in

the early 1990's, the plaintiff stored in her home some of the defendant's furniture and belongings. We need not recount, given the limited issue before us, testimony concerning the conduct which precipitated the plaintiff's efforts to obtain orders against the defendant under G. L. c. 209A.

The defendant contends that the statute by its terms does not apply to the parties here and, accordingly, that no order should have entered against him. The statute permits "[a] person suffering from abuse from an adult or minor family or household member" to seek protection from such abuse. G. L. c. 209A, § 3. Section 1 defines "family or household members" so as to include persons who "(*b*) are or were residing together in the same household," and "(*c*) are or were related by blood or marriage."[1] The defendant claims that he and the plaintiff are not now, or were they in the recent past, either residents of the same household or related to each other by blood or marriage.

We interpret G. L. c. 209A, §§ 1 and 3, "according to 'its words construed by the ordinary and approved use of the language,' examined in light of the statute's purpose." *Crenshaw* v. *Macklin*, 430 Mass. 633, 634 (2000), quoting from *O'Brien* v. *Director of the Div. of Employment Sec.*, 393 Mass. 482, 487-488 (1984). The statutory provisions at issue suffer from no apparent ambiguity and do not support the defendant's view. The use of the word "were," together with the word "are," in both subsections (*b*) and (*c*), brings past as well as present relationships within the ambit of those subsections. Here, the evidence shows that the parties "were residing in the same household" from 1967 to 1977, as subsection (*b*) requires. By virtue of the marriage between the defendant and the plaintiff's mother in that same period, it would seem as well that the parties "were related . . . by marriage," as stepfather and stepdaughter, as subsection (*c*) requires.

The defendant resists this result by suggesting that the statute was not meant to protect "ex-stepchildren" such as the plaintiff, particularly those whose "ex" status has persisted for so many years. Nothing in the statute or case law supports this. Had the Legislature intended to exclude stepchildren as a group from those who would otherwise be included in subsections (*b*) or (*c*), or had it intended to impose a time limitation on the ap-

---

[1]The parties agree that the categories of persons set forth in the remaining subsections (*a*), (*d*), and (*e*) have no application here.

plication of those subsections, it could surely have done so. We will not substitute our judgment for that of the Legislature by implying limiting factors to plain statutory language. See *Prudential Ins. Co.* v. *Boston*, 369 Mass. 542, 547 (1976). Particularly where, as here, the parties continued to have contact and involvement with each other long after the marriage and living arrangements which initially gave rise to their relationship ended, the defendant's suggestion that we imply such limitations is devoid of merit.

There was no error in the judge's denial of the defendant's motion to vacate the order entered under G. L. c. 209A.

*Judgment affirmed.*