DIANE L. LITCHFIELD *vs.* PAUL M. LITCHFIELD.

No. 99-P-1864.

Middlesex. January 9, 2002. - June 27, 2002.

Present: LAURENCE, DREBEN, & TRAINOR, JJ.

*Abuse Prevention. Protective Order. Public Policy. Practice, Civil,* Judicial discretion.

In a proceeding for the modification and extension of an abuse prevention order, the judge did not abuse the discretion accorded him by G. L. c. 209A, § 3, in concluding that the abuse prevention order would be permanent and would require the defendant to stay at least 500 yards from the plaintiff and one mile from her home, given the past criminal assaults and batteries by the defendant upon the plaintiff and the defendant's prior illegal possession of a machine gun. [356-357]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on September 29, 1995.

Proceedings to modify and extend an abuse prevention order were had before *Edward M. Ginsburg,* J.

*William G. Small* for Paul M. Litchfield.

*Geoffrey H. Lewis* for Diane L. Litchfield.

*Toni G. Wolfman & Stephen C. Warneck,* for The Women's Bar Association of Massachusetts & others, amici curiae, submitted a brief.

DREBEN, J. The main thrust of the defendant's appeal from a modification and extension of an abuse prevention order, pursuant to G. L. c. 209A, is that the restrictions contained in the order are unreasonable and unconstitutional.[1] The order, dated October 31, 1997, is permanent and requires the defendant to

---

[1] We acknowledge the helpful brief of amici curiae the Women's Bar Association of Massachusetts, the Domestic Violence Council, Inc., and Jane Doe, Inc.

stay at least 500 yards from the plaintiff and one mile from her home.[2]

Prior to issuing the order in question, the judge, who was familiar with the case, having presided over the parties' divorce and having issued or extended orders under G. L. c. 208, § 34B,[3] held a hearing and heard from both parties, individually.[4] The gist of the defendant's statements, in support of his motion to change the 500-yard and one-mile restrictions, was that his mother, his friends, and his business contacts lived within the one-mile radius of the plaintiff's home and that he would be precluded from visiting his family and from conducting business in the town in which he had lived his whole life. The plaintiff, on the other hand, in opposing a change of the geographic restrictions of the order then in place, made the following points: over a period of ten years, including when she had been pregnant with her first child, the defendant repeatedly beat and threatened her. He also threatened her brothers and father. He was in prison for various charges including assault and battery against her and for possessing a machine gun and

---

[2]The order contained the same terms as a previous order issued under G. L. c. 208, § 34B, which on its face stated that it was agreed to by the parties. Although the defendant did not attempt to have the order corrected to show that he had not agreed to its geographic terms (he had agreed to its permanency), we do not base our decision on whether the defendant agreed to the order.

[3]The order contained in the record appendix indicates it was issued on June 3, 1997, and vacated on July 31, 1997, when another order entered.

[4]Portions of the October 31, 1997, hearing are inaudible and it may be that the parties were not under oath. Neither party raises any objection on that score.

Both parties filed motions to include additional material in the record on appeal, and each opposed the other's motion. The plaintiff sought to file a supplemental appendix which included, among other things, her affidavits in support of the several abuse prevention orders that were issued since 1995; the defendant wanted to include the transcript of the hearing at the divorce proceeding in support of his contention that he did not agree to the geographic terms of the G. L. c. 208, § 34B, order. Since we do not base our decision on the defendant's agreement to the terms of the c. 208 order, and since the statements of each of the parties at the October 31, 1997, hearing set forth their contentions and were transcribed, we deny both motions to supplement the record.

silencer.[5] She stated that the children were afraid of the defendant, and she was very fearful of him, even now in court, and would never feel safe.

In deciding whether to modify or renew an abuse prevention order, a judge's discretion is "broad." *Crenshaw* v. *Macklin*, 430 Mass. 633, 635 (2000). See Kindregan & Inker, Family Law and Practice § 57.7 (2d ed. 1996). His or her statutory authority is based on "the Commonwealth's public policy against domestic abuse — preservation of the fundamental human right to be protected from the devastating impact of family violence." *Champagne* v. *Champagne*, 429 Mass. 324, 327 (1999). The determination of what distance is sufficient to provide an appropriate zone of protection for an abused person or family depends upon the facts of each case and the judge's assessment of the threat posed by the abuser. In view of the criminal assaults and batteries upon the plaintiff and the defendant's prior illegal possession of a machine gun, the judge did not exceed the wide discretion accorded him by G. L. c. 209A, § 3, in concluding that the circumstances warranted the relief ordered.[6]

The defendant speculates that he may unknowingly be in violation of the 500-yard order. While 500 yards is a long distance,[7] the defendant's fears are not supported by our cases. He "cannot be convicted of violating a 'no contact' [or "stay away"] order issued under c. 209A where the contact occurs in circumstances where [he] did not know, and could not reasonably have been expected to know," of the proximity of the plaintiff or his children. *Commonwealth* v. *Raymond*, 54 Mass.

---

[5]In his brief, the defendant acknowledged that at the time of the June 3, 1997, hearing, when he had been brought to court pursuant to a writ of habeas corpus, he was incarcerated at M.C.I., Cedar Junction, on a sentence for possessing a machine gun.

[6]Had the record not indicated the extreme danger posed to the plaintiff, particularly by the defendant's possession of a machine gun and silencer, the imposition of such a great distance in a "stay away" order should have been accompanied by findings explaining the unusual order.

[7]See Commentary to § 4.0 of the Guidelines for Judicial Practice: Abuse Prevention Proceedings at 59 (Dec. 2000), pointing out that an order which requires the defendant to stay a great distance away from the plaintiff is difficult to enforce, and that an order up to 100 yards is usually sufficient.

App. Ct. 488, 493 (2002). This is consistent with the " 'long-standing' common-law principle that, absent contrary indication from the Legislature, we assume that the Legislature did not intend 'to make accidents and mistakes crimes.' " *Commonwealth* v. *Finase*, 435 Mass. 310, 315 (2001), quoting from *Commonwealth* v. *Collier*, 427 Mass. 385, 388 (1998). *Commonwealth* v. *Raymond*, 54 Mass. App. Ct. at 493.

The defendant also claims that the order is invalid on two other grounds. Without in any way suggesting that these claims have merit, we do not reach them. His contention that an order by another judge extending an earlier c. 209A order for one week to October 31, 1997, to allow the judge familiar with the case to act on the permanent terms of the order, was invalid is not properly before us. At the hearing on October 24, 1997, when the judge indicated she would extend the order, the defendant acquiesed to the extension or at least waived any objection to it. We also do not reach the defendant's constitutional arguments as they were raised for the first time on appeal.

Since we find no abuse of discretion in the October 31, 1997, order, that order is affirmed.[8]

*So ordered.*

---

[8]The plaintiff seeks legal fees under G. L. c. 208, §§ 17, 38. Those provisions do not apply to this case. In the absence of any claim under G. L. c. 209A, § 3(f), we do not consider whether that section may be applicable to these proceedings. See *Gustin* v. *Gustin*, 420 Mass. 854, 858 (1995).