REGINA CURIALES AGUILAR *vs.* MILNOR HERNANDEZ-MENDEZ.

No. 04-P-1720.

Suffolk. March 8, 2006. - May 25, 2006.

Present: LENK, CYPHER, & GRAHAM, JJ.

*Abuse Prevention. Words,* "Household member."

The judge hearing a motion to extend an abuse prevention order properly concluded that the plaintiff and defendant were "household members" within the meaning of G. L. c. 209A, § 1, where the defendant had resided in the same dwelling with the plaintiff and her boyfriend, the defendant's father. [368-370]

COMPLAINT for protection from abuse filed in the Dorchester Division of the District Court Department on November 4, 2004.

The case was heard by E. *Sydney Hanlon,* J.

*Terry Klein* for the defendant.

GRAHAM, J. In this appeal from an order extending a G. L. c. 209A abuse prevention order, we are asked to define further what constitutes a "household member" within the meaning of G. L. c. 209A, § 1. A District Court judge found that the defendant had resided in the same house as the plaintiff and her boyfriend, who is the defendant's father. She concluded that the plaintiff and the defendant were household members and allowed the plaintiff's request for a protective order against the defendant. We affirm.

*Facts.* On November 4, 2004, the plaintiff obtained an emergency abuse protection order against the defendant pursuant to G. L. c. 209A, § 3, pending a hearing scheduled for November 18, 2004. After the hearing on November 18, 2004, at which the plaintiff, the defendant, and the defendant's father testified, the judge extended the order for one year.

We summarize the pertinent facts as gleaned from the hearing

transcript.[1] At the time of the hearing, the plaintiff was the girl friend of the defendant's father. The plaintiff and her two teenage children lived with the defendant's father in unit one at 81 Sidney Street in the Dorchester section of Boston. The defendant had lived in unit one with the plaintiff and his father for approximately two years before he went to live elsewhere. The defendant left the apartment approximately six months prior to the November 18, 2004, hearing, but still retained keys to the unit. He also continued to receive his mail at the residence, regularly took showers there, spent the night on one occasion during this period, and had the ability to let himself into the unit without making prior arrangements with the plaintiff or his father.

The plaintiff testified that she sought the restraining order because the defendant, for more than a year, had been threatening her and told her he would pay someone to kill her if she did not leave his father. The defendant, she claimed, had come to the apartment on several occasions uninvited, cornered her, and pushed her. He also pushed and threatened her two children.

Based on the testimony of the plaintiff, the defendant's father, and the defendant himself, the judge concluded that the defendant fell within the reach of G. L. c. 209A because the plaintiff and defendant were formerly household members.[2]

*Discussion.* The defendant contends that, even if he and the plaintiff resided in the same dwelling,[3] they did not "resid[e] together in the same household," and therefore were not "household members" as that term is used in G. L. c. 209A.[4] He argues that this court should construe the term "household

---

[1]While the judge did not make written findings, the transcript contains fairly extensive oral findings on the issue of jurisdiction under G. L. c. 209A.

[2]Although the defendant testified that he never considered 81 Sidney to be his home while the plaintiff was living there, the judge made oral findings crediting the plaintiff's testimony over the defendant's.

[3]The judge did not abuse her broad discretion, see *Litchfield* v. *Litchfield,* 55 Mass. App. Ct. 354, 356 (2002), in concluding that the evidence showed by a preponderance that the plaintiff and the defendant had resided for some period of time in the same dwelling. See *Frizado* v. *Frizado,* 420 Mass. 592, 597 (1995).

[4]General Laws c. 209A, § 1, inserted by St. 1990, c. 403, § 2, defines "[f]amily or household members" as "persons who: (a) are or were married to one another; (b) are or were residing together in the same household;

members" to exclude individuals such as himself and the plaintiff, with whom, he claims, he shared no financial or "emotional connection," even if they once shared a living space. Construing "household members" to encompass himself and the plaintiff would, he argues, impart a significance to the words not intended by the Legislature and not supported by the plain meaning of the word "household." We disagree.

When interpreting G. L. c. 209A, we look to the words of the statute " 'construed by the ordinary and approved usage of the language,' examined in light of the statute's purpose." *Crenshaw* v. *Macklin*, 430 Mass. 633, 634 (2000), quoting from *O'Brien* v. *Director of the Div. of Employment Sec.*, 393 Mass. 482, 487-488 (1984). The Legislature enacted G. L. c. 209A in 1978 to address the problem of domestic violence through the provision of judicial remedies. See St. 1978, c. 447, § 2. See also *Turner* v. *Lewis*, 434 Mass. 331, 334 (2001). Chapter 209A provides "a statutory mechanism by which victims of family or household abuse can enlist the aid of the State to prevent further abuse." *Commonwealth* v. *Gordon*, 407 Mass. 340, 344 (1990).

Under G. L. c. 209A, § 3, as amended by St. 1983, c. 678, § 4, "[a] person suffering from abuse from an adult or minor family or *household member* may file a complaint in the court requesting protection from such abuse" (emphasis supplied). Relief includes, but is not limited to, orders requiring the defendant to "refrain from abusing the plaintiff," to "refrain from contacting the plaintiff," and to "vacate forthwith and remain away from the household, multiple family dwelling, and workplace." G. L. c. 209A, § 3, as amended by St. 1990, c. 403, § 3. These orders are designed to prevent abuse by creating a "haven for the abused party in which no further abuse need be feared." *Commonwealth* v. *Gordon*, 407 Mass. at 347.

Since the statute's enactment in 1978, the Legislature has consistently broadened the categories of persons eligible for

(c) are or were related by blood or marriage; (d) having a child in common regardless of whether they have ever married or lived together; or (e) are or have been in a substantive dating or engagement relationship." The defendant acknowledges that his appeal turns on that portion of the statute defining "household members."

protection as "[f]amily or household members."[5] See *C.O.* v. *M.M.*, 442 Mass. 648, 651 (2004). The Supreme Judicial Court has also repeatedly emphasized the need for a broad interpretation of the statute's terms, noting that "the Legislature drafted the statute with purposeful flexibility in its definitions." *Ibid.* See *Turner* v. *Lewis, supra.* Cf. *Sorgman* v. *Sorgman*, 49 Mass. App. Ct. 416, 417-418 (2000) (if the Legislature had intended to exclude former stepchildren or impose a time limitation in the definition of "household members," it would have done so).

We note that G. L. c. 209A has always reflected a "significant decision by the [L]egislature . . . to broaden the definition of persons eligible to seek protection from abuse and domestic violence beyond the 'family' and to also include other persons having some 'family-like' connection." *Turner* v. *Lewis, supra,* quoting Kindregan & Inker, Family Law and Practice § 57:5 (2d ed. 1996). A similarly broad and flexible interpretation is appropriate in the case of household members. By residing in the same dwelling with his father and the plaintiff, the defendant was a "household member" with the plaintiff as the term is used in G. L. c. 209A. The statute is intended to provide protection from domestic abuse in such situations.

For these reasons, we conclude that the plaintiff and the defendant are household members for purposes of G. L. c. 209A, and that the judge's ruling is consonant with the Commonwealth's public policy against domestic abuse. Accordingly, we affirm the extension of the protective order.

*So ordered.*

---

[5]The original definition of "[f]amily or household members" in G. L. c. 209A, § 1, as enacted in 1978, St. 1978, c. 447, § 2, was as follows:

"household member, a spouse, former spouse or their minor children or blood relative."

This definition was expanded in 1986 to include a "former household member" and a "person who, though unrelated by blood or marriage, is the parent of the plaintiff's minor child." St. 1986, c. 310, § 15. The definition was again revised in 1990 to its present form. The current definition contains more expansive language than either of the previous versions, and has added several new categories to the definition. See note 4, *supra.*