T.M. appeals from the order denying her application to extend an abuse prevention order against S.A., following a hearing on S.A.'s motion to reconsider the extension of the order. We affirm.
Background. The parties were in a dating relationship from September, 2015, until December, 2015. On December 16, 2015, T.M. applied for and received an ex parte abuse prevention order against S.A. (the initial order) pursuant to G. L. c. 209A. The ten-day extension hearing was heard by a different judge, who extended the order for one year, until December 23, 2016. On December 23, 2016, T.M. sought to extend the order for another year and the parties appeared before the same judge who granted the initial order (hereinafter, judge). T.M. was represented by counsel and S.A. appeared pro se. T.M. recounted a new incident that took place on October 24, 2016, where she and S.A. were at their gym at the same time. According to T.M., S.A. took a long time to leave upon her arrival, despite being told by staff that he had to leave. The judge extended the order for another year, until December 22, 2017, and ordered S.A. to no longer attend that gym. S.A. subsequently obtained counsel, and on February 10, 2017, filed a motion to reconsider the extension of the order. On March 7, 2017, a hearing was held on this motion where S.A.'s counsel asked the judge for the opportunity to present witnesses who could testify as to the October 24, 2016, incident. The judge declined to hear from these witnesses and S.A.'s motion to reconsider was denied. That same day, however, the judge asked that the parties return for a rehearing on her order denying S.A.'s motion to reconsider. At the rehearing on May 12, 2017, the judge explained that T.M.'s reaction to the judge's March 7, 2017, ruling gave her the impression that T.M. was not relieved, but felt that it was "a victory," giving the judge doubts about whether T.M. was afraid of S.A. Accordingly, the judge heard from witnesses regarding the October 24, 2016, incident. After hearing this evidence, the judge reconsidered her extension of the order and declined to further extend it. This appeal followed.
Discussion. We review the judge's decision not to extend a 209A order "for an abuse of discretion or other error of law." E.C.O. v. Compton, 464 Mass. 558, 562 (2013).
In order to obtain an extension of a 209A order, a plaintiff must prove "by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined by G. L. c. 209A, § 1." Iamele v. Asselin, 444 Mass. 734, 739 (2005). See Callahan v. Callahan, 85 Mass. App. Ct. 369, 372 (2014). Specifically, the question is "whether a plaintiff has a reasonable fear of 'imminent serious physical harm.' " Iamele, supra at 739-740, quoting G. L. c. 209A, § 1 (b ). The judge must consider the "totality of the circumstances of the parties' relationship," Iamele, supra at 740, and "[n]o presumption arises from the initial order." MacDonald v. Caruso, 467 Mass. 382, 386-387 (2014). Here, the judge's decision was based on the totality of the circumstances and her determination that T.M.'s testimony was not credible. There was no error.
First, although T.M. argues that the judge abused her discretion when she reopened S.A.'s motion to reconsider based on T.M.'s facial expression, "[w]e accord the credibility determinations of the judge who 'heard the testimony of the parties ... [and] observed their demeanor' ... the utmost deference" (citation omitted). E.C.O., 464 Mass. at 562. We credit the judge's observations of T.M. that caused the judge to reopen the hearing on S.A.'s motion to reconsider, and find no abuse of discretion in the decision to do so. See Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006).
Next, based on the judge's ruling at the hearing, we conclude that she articulated and applied the proper standard for determining whether to extend T.M.'s order. T.M. argues that the standard for terminating an abuse prevention order should have been applied. However, the record shows that the hearing was one for an extension of the order, where the judge was reconsidering the extension granted on December 23, 2016. See Bradford v. Knights, 427 Mass. 748, 752 (1998) ("The inherent power of a court in a timely and regular way, which violates no other provision of law, to rehear and reconsider its own determinations at its discretion has long been recognized"). See also Atlas Tack Corp. v. Donabed, 47 Mass. App. Ct. 221, 225 n.3 (1999). S.A.'s motion requested reconsideration of the extension and no separate motion to terminate the order was filed by S.A. See MacDonald, 467 Mass. at 389 (defendant able to challenge continuation of order after one year, where plaintiff bears "burden of proving a continued reasonable fear of imminent serious physical harm"). Contrast Mitchell v. Mitchell, 62 Mass. App. Ct. 769, 780-781 (2005). Accordingly, the order dated May 12, 2017, denied an extension and, as a result, the order terminated on its own.[2]
Based on the judge's ruling, it is clear that she used the totality of the circumstances to consider whether T.M. had a reasonable fear of "imminent serious physical harm." MacDonald, 467 Mass. at 386. Although T.M. argues that the judge failed to articulate the proper standard, she specifically stated, on the record, that she must decide "whether one's fear is a reasonable fear given all the facts and circumstances of the underlying case and the incidents, if any, that have occurred since [then]."
The judge also adequately considered the totality of the circumstances. Prior to the hearing on May 12, 2017, she was already aware of the circumstances surrounding the parties' relationship and T.M.'s reasons for requesting the order because she was the same judge who issued the initial order, and who extended it on December 23, 2016. Therefore, the judge's recollection of the events surrounding the parties' relationship and T.M.'s request for an order, would have been present at the time that the judge reheard S.A.'s motion to reconsider. See Litchfield v. Litchfield, 55 Mass. App. Ct. 354, 355 (2002). T.M. argues that the judge should have made specific findings of fact; however, where we are able to discern a reasonable basis for the order in a judge's rulings and order, no specific findings are required. See Ginsberg, 67 Mass. App. Ct. at 140 n.3 (affirming extension where judge made no oral or written findings, but "judge's questions during the hearing and her ultimate decision make it clear that she credited [the plaintiff's] version of the evidence and rejected [the defendant's] conflicting testimony"). Based on her ruling, it is clear that the judge made a credibility determination and did not find T.M. credible or her fear reasonable, and we will not second guess the judge's credibility determination. See A.T. v. C.R., 88 Mass. App. Ct. 532, 540 (2015). See also Jablonski v. Casey, 64 Mass. App. Ct. 744, 747 (2005) (appellate court must give deference to trial judge's credibility determinations).
Lastly, T.M.'s argument that she was not given a fair opportunity to present evidence is without merit. The purpose behind S.A.'s motion to reconsider was to present witnesses who could testify as to the October 24, 2016, incident at the gym. There was no abuse of discretion in limiting the reconsideration hearing in this regard where the judge was already aware of the surrounding circumstances and where every witness's testimony, not just T.M.'s, was limited to this event.
In conclusion, "[c]onsidering the 'totality of the circumstances of the parties' relationship,' " the judge reasonably concluded that T.M. presented insufficient evidence that she was the subject of abuse within the meaning of G. L. c. 209A, § 1. Vittone v. Clairmont, 64 Mass. App. Ct. 479, 489 (2005), quoting Iamele, 444 Mass. at 740.
Order dated May 12, 2017, denying extension affirmed.

In the judge's ruling she specifically stated that she has no "basis to extend the restraining order." Furthermore, T.M. does not challenge the docket entry reflecting that the order was vacated, or the 209A form that indicates that the order was terminated. As such, the propriety of these entries are not before us on appeal. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975); Bongaards v. Millen, 440 Mass. 10, 28 (2003) ("As a fundamental principle, appellate courts should not reach out to decide issues that have not been briefed by any party").