NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-291

M.B.

vs.

A.G.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, A.G., appeals from the denial of his "Motion for Relief from 2023 Abuse Prevention Order Extension" (motion for relief). We vacate the denial and remand the matter to the District Court for further proceedings.

Background.[1] 1. 2022 order and appeal. On December 30, 2020, the plaintiff, M.B., applied for an abuse prevention order against her estranged husband, A.G., pursuant to G. L. c. 209A, § 3. A District Court judge issued a temporary ex parte order

---

[1] The underlying facts of this matter stem from the evidence presented at the February 8, 2023 abuse prevention order extension hearing, which included testimony from both parties and fifty-one exhibits admitted at the hearing. For additional background, see our previous decisions in M.B. v. A.G., 104 Mass. App. Ct. 1104 (2024), and M.B. v. A.G., 103 Mass. App. Ct. 1126 (2024).

and, following a two-party hearing on January 13, 2021, issued a one-year order.  The following year, on January 13, 2022, after a hearing where both parties appeared, the order was extended for another year to January 12, 2023 (2022 order).  On August 23, 2022, the defendant moved, pursuant to G. L. c. 209A, § 3, and Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), to retroactively vacate the 2022 order.  That motion was denied, and the defendant appealed to this court therefrom.  On March 13, 2024, a panel of this court issued an unpublished decision affirming the denial of the motion to vacate.  See M.B. v. A.G., 103 Mass. App. Ct. 1126 (2024).

2.  2023 order and appeal.  On February 8, 2023, a different District Court judge held another two-party hearing at which both parties testified, and fifty-one exhibits were admitted in evidence.  On February 10, 2023, the judge extended the abuse prevention order for two years to February 7, 2025 (2023 order).  The defendant again appealed to this court therefrom.  On April 26, 2024, another panel of this court issued an unpublished decision affirming the entry of the 2023 order.  See M.B. v. A.G., 104 Mass. App. Ct. 1104 (2024).  The Supreme Judicial Court denied further appellate review.  See M.B. v. A.G., 494 Mass. 1104 (2024).

3.  Motion for relief.  Meanwhile, on February 6, 2024, while the defendant's appeal from the issuance of the 2023 order

2

was pending in this court, the defendant filed a motion for relief in the District Court from the 2023 order. In that motion, the defendant represented, through counsel, that he had just received unredacted copies of previously redacted medical records, documenting that on January 4, 2021, the plaintiff told a clinician that an emergency restraining order had issued against the defendant and the plaintiff "reports feeling safe." The defendant contended, in essence, that the victim's statement on January 4 that she "felt safe" contradicted her sworn statements, including those in her December 30, 2020 affidavit and her February 8, 2023 testimony, that she was in fear of imminent serious physical harm from the defendant. That same day, the judge[2] denied the motion for relief because the 2023 order was "presently on appeal at the Appeals Court[,]" and thus the District Court "is without jurisdiction to act on the motion." On February 15, 2024, the defendant filed a notice of appeal from the denial of the motion for relief.[3]

Discussion. The defendant argues that the judge erred in determining that the District Court lacked jurisdiction to act

---

[2] The judge presiding over the motion for relief was the same judge who had entered the 2023 order.

[3] On March 18, 2024, the defendant filed a motion to consolidate the appeal from the denial of the motion for relief with the appeal of the 2023 order. On April 26, 2024, a different panel of this court denied that motion.

3

on the motion for relief and thus should have adjudicated the motion on its merits.[4]  The defendant acknowledges that "[o]rdinarily, once an appeal has been docketed, the trial court lacks jurisdiction to modify the judgment being appealed." Quinn v. Gjoni, 89 Mass. App. Ct. 408, 411 (2016), citing Springfield Redev. Auth. v. Garcia, 44 Mass. App. Ct. 432, 434-435 (1998).  The defendant contends, however, that "this rule does not apply in the sui generis context of c. 209A abuse prevention orders."  Quinn, supra (explaining that pursuant to G. L. c. 209A, § 3 (i), "an abuse prevention order that has been issued can be modified 'at any subsequent time'" and that "litigants should keep appellate courts apprised of any relevant ongoing proceedings" [citation omitted]).

The plaintiff counters that the exception delineated in Quinn does not apply to motions to retroactively vacate an abuse prevention order, but instead applies solely to motions to modify or prospectively terminate an abuse prevention order. That purported distinction drawn by the plaintiff is unavailing

---

[4] We take no position on whether the defendant met his "burden of proving a significant change in circumstances." MacDonald v. Caruso, 467 Mass. 382, 388 (2014).  We further note that on a defendant's motion to modify or terminate an abuse prevention order, a "judge may not give meaning to a plaintiff's silence or failure to appear, because a judge cannot know whether silence reflects acquiescence in the termination or continued fear of the defendant . . . Moreover, a plaintiff shoulders no burden at a termination hearing and is entitled to rest on the finality of the order."  Id. at 391.

4

in the context of this case where Quinn likewise involved a motion to vacate an abuse prevention order "in its entirety" and we nonetheless determined that the trial court had jurisdiction to consider the motion.

We note that the analysis here is somewhat complicated by the nature and content of the defendant's motion for relief. The defendant categorized his motion for relief as a motion "primarily" pursuant to Mass. R. Civ. P. 60 (b) (2), that sought to vacate the 2023 order on the ground of newly discovered evidence (the unredacted records). However, the defendant also argues, in part, that the motion in substance sought relief from prospective application of the 2023 order. Viewed in this light, the motion for relief arguably constituted a motion to "vacate" or "terminate" as authorized by G. L. c. 209A, § 3. See Mitchell v. Mitchell, 62 Mass. App. Ct. 769, 774-780 (2005) (explaining and distinguishing standard for deciding motion to vacate retroactively on ground of newly discovered evidence with standard for deciding motion for relief from prospective application of abuse prevention order issued under c. 209A). See also Guidelines for Judicial Practice: Abuse Prevention Proceedings § 6:04 (Oct. 2021) (in considering whether to conduct hearing on request for termination or modification, judge should consider whether defendant has made preliminary showing of changed circumstance, "and should be alert to

5

defendants using motions to modify or terminate to further harass or abuse the plaintiff").

Here, the motion for relief was something of a hybrid, seeking both forms of relief.[5]  See Mitchell, 62 Mass. App. Ct. at 774.  In the circumstances presented herein, we conclude that the District Court had jurisdiction to entertain the motion for relief.[6]  See Quinn, 89 Mass. App. Ct. at 411.  Accordingly, the order denying the motion for relief from the 2023 abuse prevention order extension is vacated, and the case is remanded

---

[5] Although the standards for deciding a motion filed under rule 60(b) differ from those for a motion to vacate or terminate filed under c. 209A, see Mitchell, 62 Mass. App. Ct. at 774-780, trial court judges have substantial discretion in deciding either type of motion.  See Adoption of Quan, 470 Mass. 1013, 1014 (2014) (motions for relief from final judgment brought under rule 60 [b] commended to judge's discretion and will not be overturned except upon showing of clear abuse of discretion); Litchfield v. Litchfield, 55 Mass. App. Ct. 354, 356 (2002) (judges have broad discretion in deciding whether to modify or renew abuse prevention orders).  See also L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

[6] Our conclusion is limited to the specific facts and procedural posture of the present case.  In addition, nothing stated herein should be read to suggest any view of this court regarding the merits of the motion for relief.  We further note that although the defendant did move to consolidate the appeal from the denial of his motion for relief with the appeal of the 2023 order, see note 3, supra, the preferred course would have been to seek leave from a single justice of this court to file the motion for relief in the District Court while the appeal of the 2023 order was pending.  See Quinn, 89 Mass. App. Ct. at 411.  In this regard, the judge's decision to deny the motion on jurisdictional grounds was understandable.

to the District Court for further proceedings consistent with this decision.[7]

<u>So ordered</u>.

By the Court (Blake, C.J.,
   Neyman & Grant, JJ.[8]),

*Paul Little*

Clerk

Entered:   January 14, 2025.

---

[7] We decline the plaintiff's request for attorney's fees and costs.

[8] The panelists are listed in order of seniority.

7